# BOISE ARTESIAN HOT AND COLD WATER COMPANY v. BOISE CITY.

## APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF IDAHO.

No. 131. Argued March 17, 1909.—Decided April 5, 1909.

Equity will not interpose where there is a remedy at law which is as complete, practicable and adequate as equity could afford.

As the defense of the unconstitutionality and illegality of a tax is open in a court of law, injunction should not issue against the enforcement of the tax merely because it is unconstitutional or illegal unless other circumstances bring the case within some clear ground of equity jurisdiction.

Even though some States may for convenience of remedy permit equity to enjoin the collection of a tax for mere illegality, courts of a different and paramount sovereignty should not do so, and Federal courts should not interfere by injunction with the fiscal arrangements of a State if the rights involved can be preserved in any other manner.

A municipality speaks through its council, and where the bill does not allege any facts showing threats to remove property of a complainant public service corporation such action will not be presumed so as to give equity jurisdiction.

A suit at law by a municipality to collect a license fee imposed by ordinance on a public service corporation contemplates continuance, and not restraint, of the business of such corporation, and, as the defense of unconstitutionality of the ordinance is open in that suit, equity should not interfere.

In order to make the fear of multiplicity of suits a ground for the interposition of a court of equity, more than one suit must have been commenced, and the court should not interfere unless it is clearly necessary to protect complainant from continued and vexatious litigation.

Equity should not enjoin the collection of a tax on the ground of cloud on title when the tax can only be collected by a suit at law in which the defense of its illegality is open, and it does not appear that the tax is a lien on any of complainant's property.

THE facts are stated in the opinion.

*Mr. Richard H. Johnson,* with whom *Mr. Edgar Wilson* and *Mr. Richard Z. Johnson* were on the brief, for appellants:

An injunction should have been issued by the court below restraining the city from enforcing the ordinances, and from interfering with plaintiff's use, according to its franchises, of the streets and alleys. The bill made out a proper case for the interposition of a court of equity. It shows that the city maintains and insists that the water company's right to use the streets is a license only, which is subject to annulment and revocation at the will of the city, and that the city authorities have the right to compel the water company to discontinue the use of the streets and alleys, or to levy burdens and assessments for such use, at their pleasure, and that the city threatens and intends to impose further burdens and assessments on the water company for such use and to interfere with its use of the streets and alleys and has threatened to remove its pipes therefrom and its water works from the city.

The bill also alleged as additional grounds the unconstitutionality of the ordinance; the monthly presentation of bills, threats of suit, and the presentation of another bill after the suit had been commenced, showing danger of multiplicity of suits. It was also averred that the ordinances cast clouds upon the water company's franchises and depreciate the value of its property, impair its credit, embarrass its business and reduce its net revenue to an unfair and unjust extent which will amount to confiscation of its property; and, moreover, that the enforcement of those ordinances will destroy the water company's franchises and contract rights in violation of Art. I, § 10 of the Federal Constitution, and will deprive it of its property without due process of law, and deny it the equal protection of the laws.

As the ordinances which the city is seeking to enforce are in violation of the water company's contract rights and are otherwise unconstitutional, an injunction against their enforcement is the proper remedy. *Vicksburg Waterworks Co.* v. *Vicksburg,* 185 U. S. 65, 82; *Vicksburg* v. *Waterworks Co.,* 202 U. S. 453;

*Detroit* v. *Detroit Citizens' Street Ry. Co.*, 184 U. S. 368, 378–381. See also *Walla Walla* v. *Walla Walla Water Co.*, 172 U. S. 1.

*Mr. William E. Borah* and *Mr. Charles M. Kahn*, with whom *Mr. Charles P. McCarthy*, *Mr. Charles C. Cavanah* and *Mr. John J. Blake* were on the brief, for appellee:

The facts stated in the bill of complaint are insufficient to entitle plaintiff to any relief in, or to give jurisdiction to a court of equity.

Under the allegations of the bill the plaintiff has an adequate remedy at law.

The bill shows that plaintiff's sole object is to secure a decree of the court declaring the ordinances to be franchises·for a period of fifty years; that the ordinance requiring the plaintiff to pay a license fee be declared void, for a recovery of $2,000.00, with interest, for the use of water from its system, and declaring the rates established by the water commission, relating to said use be valid.

An action at law is, at this time, pending in the state court of Idaho, by the city against the company for the recovery of $1,730.00, alleged to be due as such license fee. In that action at law, the plaintiff can present to the court all questions as to the validity of the ordinances and whether it has a franchise to use the streets for fifty years. The plaintiff could, in said action at law, either set up its claim for $2,000.00 as a counter claim in the event the court held the license fee valid, or institute an independent action in a court of law for the recovery of said amount, as the city, under the allegations of the bill, seems to be solvent.

Where the relief prayed for is such as a court of law is competent to grant, a court of equity has no jurisdiction.

Suits in equity shall not be sustained in either of the courts of the United States, in any case where a plain, adequate and complete remedy may be had at law. 1 Stat. 82; Rev. Stat. § 723. And see *Hipp* v. *Babin*, 19 How. 271; *Fussell* v. *Gregg*,

113 U. S. 550; *Phœnix Mutual Life Insurance Co.* v. *Bailey*, 13 Wall. 616; *New York Guaranty Co.* v. *Memphis Water Co.*, 107 U. S. 205.

It appears from the bill in this case that the plaintiff is seeking to restrain the defendant from proceeding with an action at law in the Idaho state court, brought to recover a certain sum alleged to be due as a license fee under the ordinance of June 7, 1906. In such a case a Circuit Court of the United States will not interfere to enjoin a pending suit at law. *Hapgood* v. *Hewitt*, 119 U. S. 234; *Buzard et al.* v. *Houston*, 119 U. S. 351. See also 1 High on Injunctions (3d Ed.), §§ 89–93.

MR. JUSTICE MOODY delivered the opinion of the court.

The appellant, a West Virginia corporation, brought in the Circuit Court of the United States for the District of Idaho, this bill in equity against Boise City, a municipal corporation. There was a demurrer to the bill, which, upon consideration of the merits of the case set forth therein, was sustained by the judge of the Circuit Court and the bill dismissed. The company appealed directly to this court. The facts set forth in the bill and exhibits, and the relief and grounds of relief claimed, so far as necessary to develop the point decided, may conveniently be stated in narrative form.

The company was incorporated for and is engaged in supplying the city and its inhabitants with water for municipal and domestic purposes. It had acquired the property, franchises, rights and privileges of certain individuals and corporations, who had been, from time to time, granted by ordinance of the city the privilege of laying and maintaining pipes in the streets and supplying through them water for municipal and domestic uses. The company conducted its business by virtue of these ordinances, and has invested large sums of money. The ordinances need not be set forth in detail, and it is enough to say that the company contends that they are franchises for a term of not less than fifty years, and constitute a contract incon-

sistent with the license fee or tax hereafter referred to, while the city contends that they are mere permissions, revocable at any time. The rates are fixed by commissioners, acting under the authority of a law of the State, and are to remain in force three years from the date of their establishment. After the fixing of the rates and before the expiration of the three years, on the thirty-first day of May, 1906, the city enacted an ordinance requiring that the company "hereafter pay to said Boise City, on the first day of each and every month, a monthly license of $300, for the privilege granted . . . to lay and repair water pipes in the streets and alleys of said. city." The ordinance then made a demand for the monthly payment of said license, and directed the city clerk to notify the company of the requirements of the ordinance.

The main object of the bill is to obtain an injunction against the enforcement of this ordinance, upon the grounds: (1) that other corporations, associations and individuals using the streets and alleys of the city for various purposes are not required to pay a license, and therefore there was, by the ordinance, a denial of the equal protection of the laws; (2) that the city, in pursuance of its claim that the ordinances grant only a revocable permission to occupy the streets, threatens and intends to impose further burdens and assessments, and threatens to remove the pipes and the works from the city; (3) that the city has presented monthly bills and has brought an action at law in the state court to recover the amount alleged to be due on account of the license fee imposed, and that there is therefore danger of a multiplicity of suits; (4) that the ordinance has cast a cloud upon the company's franchises and right to supply water to the city and its inhabitants, and thereby depreciated the value of the company's property, impaired its credit, embarrassed its business and confiscated its property; (5) that the ordinance impairs the obligation of the contract made by the ordinances granting the rights, privileges and franchises; (6) that the enforcement of the ordinance would deprive the company of its property without due process of law and abridge its privileges

and immunities granted by the Fourteenth Amendment; (7) and that the ordinance violates the constitution and laws of the State.

A subordinate object of the bill is to recover from the city certain amounts due on account of water supplied to fire hydrants, which the city declines to pay, disputing its liability so to do.

The decree of the court below, dismissing the bill, proceeded upon a consideration of the merits of the controversy between the parties. We do not enter upon that subject, because there is a deeper question which seems to us decisive of the case. That question is whether the plaintiff is entitled, on the allegations of its bill, to relief in equity in the Federal courts.

It is obvious that the rights of which the company seeks to avail itself are rights cognizable in a court of law, and not rights created only by the principles of equity. The sum of the company's contentions is that the imposition of the license fee was illegal, unconstitutional, and void. All these contentions are open in a court of law. It is a guiding rule in equity that in such a case it will not interpose where there is a plain, adequate and complete remedy at law. This rule at an early date was crystallized into statute form by the sixteenth section of the Judiciary Act (Revised Statutes, § 723), which, if it has no other effect, emphasizes the rule and presses it upon the attention of courts. *New York &c. Co.* v. *Memphis Water Co.*, 107 U. S. 205, 214. It is so well settled and has so often been acted upon that no authority need be cited in its support, though it must not be forgotten that the legal remedy must be as complete, practicable and efficient as that which equity could afford. *Walla Walla* v. *Walla Walla Water Co.*, 172 U. S. 1, 11.

A notable application of the rule in the courts of the United States has been to cases where a demand has been made to enjoin the collection of taxes or other impositions made by state authority, upon the ground that they are illegal or unconstitutional. The decisions of the state courts in cases of this kind are in conflict, and we need not examine them. It is a mere matter of choice of convenient remedy for a State to permit

its courts to enjoin the collection of a state tax, because it is illegal or unconstitutional. Very different considerations arise where courts of a different, though paramount, sovereignty interpose in the same manner and for the same reasons. An examination of the decisions of this court shows that a proper reluctance to interfere by prevention with the fiscal operations of the state governments has caused it to refrain from so doing in all cases where the Federal rights of the persons could otherwise be preserved unimpaired. It has been held uniformly that the illegality or unconstitutionality of a state or municipal tax or imposition is not of itself a ground for equitable relief in the courts of the United States. In such a case the aggrieved party is left to his remedy at law, when that remedy is as complete, practicable and efficient as the remedy in equity. And the rule applies as well where the right asserted is by way of defense. *Insurance Co.* v. *Bailey,* 13 Wall. 616, 623.

In order to give equity jurisdiction there must be shown, in addition to the illegality or unconstitutionality of the tax or imposition, other circumstances bringing the case under some recognized head of equity jurisdiction, before the remedy by injunction can be awarded. The leading case on the subject is *Dows* v. *Chicago,* 11 Wall. 108. In that case the plaintiff sought to enjoin the collection of a tax levied upon shares of the capital stock of a national bank on the ground that the levy was unconstitutional under the state law, and that the property was not within the jurisdiction of the State. This court declined to pass upon the validity of the tax, saying, through Mr. Justice Field (p. 109):

"The illegality of the tax and the threatened sale of shares for its payment constitute of themselves alone no ground for such interposition. There must be some special circumstances attending a threatened injury of this kind, distinguishing it from a common trespass, and bringing the case under some recognized head of equity jurisdiction before the preventive remedy of injunction can be invoked. It is upon taxation that the several States chiefly rely to obtain the means to carry on

their respective governments, and it is of the utmost importance to all of them that the modes adopted to enforce the taxes levied should be interfered with as little as possible.

\*    \*    \*    \*    \*    \*    \*    \*

"No Court of equity will, therefore, allow its injunction to issue to restrain their action, except where it may be necessary to protect the rights of the citizen whose property is taxed, and he has no adequate remedy by the ordinary processes of the law. It must appear that the enforcement of the tax would lead to a multiplicity of suits, or produce irreparable injury, or, where the property is real estate, throw a cloud upon the title of the complainant, before the aid of a Court of equity can be invoked."

This case has been frequently followed and its governing principle never doubted. *Hannewinkle* v. *Georgetown*, 15 Wall. 547; *State Railroad Tax Cases*, 92 U. S. 575, 613; *Union Pacific Railway Co.* v. *Cheyenne*, 113 U. S. 516, 525, 526; *Milwaukee* v. *Koeffler*, 116 U. S. 219; *Pittsburgh &c. Ry. Co.* v. *Board of Pub. Works*, 172 U. S. 32; *Arkansas Building &c. Association* v. *Madden*, 175 U. S. 269.

In the case last cited, Mr Chief Justice Fuller made the following important observation (p. 274):

It is quite possible that in cases of this sort the validity of a law may be more conveniently tested, by the party denying it, by a bill in equity than by an action at law; but considerations of that character, while they may explain, do not justify, resort to that mode of proceeding."

In *Shelton* v. *Platt*, 139 U. S. 591, a bill was filed in the Circuit Court of the United States to restrain the collection of a license tax imposed by the State of Tennessee on the United States Express Company, upon the ground that it was unconstitutional. The bill alleged that the property of the company was employed in interstate commerce and was necessary to the conduct of it, and that if it were seized by the sheriff it would greatly embarrass the company in the conduct of its interstate business, subject it to heavy damage and the public to great

loss and inconvenience, and that the company was without adequate remedy at law. A plea alleged that the only remedy under the laws of the State was to pay the taxes under protest and bring suit to recover them back. The plaintiff had an injunction from the lower court. This court reversed the decree upon appeal, upon the ground that the remedy in equity would not lie merely because the tax was unconstitutional, unless there were allegations in the bill otherwise bringing the case within some acknowledged head of equity jurisdiction, and that the allegations of the bill were not sufficient to do this. This case was followed in *Allen* v. *Pullman's Palace Car Co.*, 139 U. S. 658, and in *Pacific Express Co.* v. *Seibert*, 142 U. S. 339, where a tax was alleged to be unconstitutional because imposed upon interstate commerce, because it denied to the taxpayer the equal protection of the laws, and because it was void for repugnancy to the constitution of the State.

A brief reference to some cases cited by the company, in which this court has asserted the authority of equity to interfere, will define the rule quite as well as the cases in which the court has declined to exercise the power of injunction. In *Walla Walla* v. *Walla Walla Water Co.*, *supra*, the city was about to construct, in violation of its contract, a competing water plant, and the resulting damage to the company would have been irreparable. The same conditions existed in *Vicksburg Waterworks Co.* v. *Vicksburg*, 185 U. S. 65. See same case, 202 U. S. 453. In *Detroit* v. *Detroit Citizens' St. Ry. Co.*, 184 U. S. 368, a schedule of rates for transportation of passengers was fixed in violation of the contract rights of the company, and possible suits would be limited only by the number of passengers. The same condition existed in *Cleveland* v. *Cleveland City Ry. Co.*, 194 U. S. 517; and see *Ex parte Young*, 209 U. S. 123, where the grounds of the jurisdiction in equity in rate cases are fully set forth and discussed. In *Ogden City* v. *Armstrong*, 168 U. S. 224, not only was there danger of a multiplicity of suits, but the tax there in question was a lien upon realty and a cloud on the title.

It is safe to say that no case can be found where this court has deliberately approved the issuance of an injunction against the enforcement of an ordinance resting on state authority, merely because it was illegal or unconstitutional, unless further circumstances were shown which brought the case within some clear ground of equity jurisdiction.

These decisions make it clear that an injunction ought not to be granted unless the bill, besides alleging illegality and unconstitutionality of the ordinance imposing the license fee, sets forth other circumstances which bring the case within some acknowledged head of equity jurisdiction. The only suggestions of this kind which the bill presents are that the enforcement of the ordinance will lead to irreparable injury, to multiplicity of suits, and cast a cloud upon the company's title to its franchises.

But there is nothing in the bill which leads us to suppose that any of these results would be brought about by leaving the company to its defense at law. If the city had taken any steps indicating a purpose to remove the pipes and works of the company from the streets of the city and to deny it the right to continue its business, there would be clear reason for the interposition of a court of equity, for if that were done illegally or unconstitutionally an injury would be inflicted for which the law could afford no adequate remedy. In such a case it would be the plain duty of a court of equity to arrest the destructive steps until their legality or constitutionality could be determined. Such a course would be for the best interests of both parties.

It is true that the bill contains a vague allegation that the city has threatened to remove the company's pipes and works from the city, but no facts whatever are alleged showing such a threat. The city does not speak except by its council, and nothing has been said or done by it in this direction. On the contrary, the imposition of the license fee and the bringing of a suit for its recovery contemplate continuance and not restraint of the business of the company.

Nor do we think that there is any danger of a multiplicity

of suits in the sense that would authorize the issuance of an injunction. One suit only has been brought, and that by direction of the city council. It remains pending, and when it reaches judgment it will determine finally every question in dispute between the parties. There is no need of any other suit except to prevent the running of the statute of limitations and nothing to indicate that any will be brought. Where the multiplicity of suits to be feared consists in repetitions of suits by the same person against the plaintiff for causes of action arising out of the same facts and legal principles, a court of equity ought not to interfere upon that ground unless it is clearly necessary to protect the plaintiff from continued and vexatious litigation. Something more is required than the beginning of a single action with an honest purpose to settle the rights of the parties. 1 Pomeroy's Eq. Juris., 3d ed., § 254. Perhaps it might be necessary to await the final decision of one action at law (see for analogies *Sharon* v. *Tucker*, 144 U. S. 533; *Boston &c. Mining Co.* v. *Montana Ore Co.*, 188 U. S. 632), but that we need not decide.

Nor do we think that the ordinance casts a cloud upon the title of the company to its franchises. It is not a lien upon them or upon any other property of the company. The city's only remedy is that which it has employed—an action at law for the collection of the license fee. The plaintiff's real point here is, not that the ordinance imposing a license fee casts a cloud upon its title, but that the reason alleged to have induced the ordinance, namely, the city's claim that the company has no more than a mere permission to occupy the streets, unfavorably affects its property and impairs its credit. But we cannot restrain a belief or an expression of it and are not asked to. We are asked only to restrain an ordinance which in no way fixes a lien or cloud upon the plaintiff's title. It is possible that the ordinance imposing the license fee could be sustained, without passing upon the nature of the company's tenure of its privileges. On the other hand, it might be condemned without regard to that consideration.

Here is a case where every possible defense to the collection of the license fee, which has been suggested by the company, is available to it in the action at law pending in the courts of the State of Idaho, and there is no reason whatever shown why the law should not take its course. Presumably, the company, on the ground of diversity of citizenship, might have removed the case from the state court to the Circuit Court of the United States, if the attempt had been seasonably made. If, however, the litigation continues up to the court of final resort of the State of Idaho, and all claims under the Constitution of the United States are seasonably and properly made in the state courts and are denied, then the company would be entitled to a review by this court of the judgment of the state court.

The attempt to recover the hydrant rentals is so clearly a matter for a court of law that nothing need be said of it.

The Circuit Court dismissed the bill for entirely different reasons than those which have influenced us. We neither approve nor disapprove those reasons nor intimate any opinion whatever upon the questions passed on by the Circuit Court. It would be superfluous formalism to reverse the decree of the court below and remand the case to that court, with instructions to dismiss the bill for the reasons given in this opinion, for that court has already dismissed the bill. Therefore, the decree of the court below is

*Affirmed.*