### EVERETT PIANO CO. v. MAUS.

(Circuit Court of Appeals, Sixth Circuit. November 7, 1912.)

No. 2,224.

EQUITY (§ 46*)—JURISDICTION—ADEQUATE REMEDY AT LAW—TRADE LIBEL.

Equity is without jurisdiction of a suit by a piano manufacturer for relief against a retail dealer in other makes of pianos, on allegations in the bill that defendant keeps in his store a piano of complainant's manufacture in an untuned and poorly voiced condition, which he represents to customers as a new piano from complainant's factory in a normal condition, for the purpose of depreciating the quality of complainant's instruments; the cause of action stated being one for trade libel only, for which there is an adequate remedy at law.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 151, 152, 157, 159–163; Dec. Dig. § 46.*]

Appeal from the Circuit Court of the United States for the Western Division of the Northern District of Ohio; John M. Killits, Judge.

Suit in equity by the Everett Piano Company against Henry P. Maus. Decree for defendant, and complainant appeals. Affirmed.

Kent W. Hughes, of Lima, Ohio, for appellant.

Wheeler & Bentley, of Lima, Ohio, for appellee.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. This suit was brought for alleged unlawful interference with complainant's sales of pianos. Complainant averred that it had for years manufactured and sold pianos under the tradename of Everett, and had not only established the name as a trademark, but had also, in 1905, caused the name to be registered according to the laws of the United States. The interference averred is, in substance, that defendant, while engaged in buying and selling pianos other than the Everett, was advertising and representing to the public, and to prospective purchasers of pianos, that defendant was able to procure from the factories of complainant new Everett pianos, and to sell them at a price far below their real or market value; that to

---

deceive the public and prospective purchasers, and to injure, damage, and discredit the reputation and standing of, and the demand for, Everett pianos, as also to injure complainant's reputation and business, defendant keeps at his place of business an Everett piano, which he has permitted to become and remain in an "untuned and poorly voiced condition, so that the music produced from said piano is greatly inferior in quality and tone to the music of an Everett piano in good condition"; that he represents the condition, quality, and music of all Everett pianos to be similar in such respects to this one, which he also represents "to be a new Everett piano, just recently received from complainant's factory"; and that defendant knows all of such advertisements and representations to be false. The relief prayed is an injunction and damages. Demurrer was filed, stating as grounds that the court had no jurisdiction of the subject-matter, and that the bill does not set forth facts sufficient to constitute a cause of action or to entitle complainant to the relief prayed. The demurrer was sustained and an appeal taken.

We think that the bill states nothing more than a trade libel, and consequently that it does not state a case for the interposition of a court of equity. Kidd v. Horry (C. C.) 28 Fed. 773, per Justice Bradley. The bill, in its averments, fails in a number of particulars respecting well-known grounds for equitable interference. It does not state a case of unfair competition, because it is not averred that defendant has attempted to palm off any other kind of piano as that of complainant. Edward Hilker Mop Co. v. U. S. Mop Co., 191 Fed. 613, 618, 112 C. C. A. 176 (C. C. A. 6th Cir.), and cases there cited. It does not state a case of infringement of complainant's trade-mark (Saxlehner v. Eisner & Mendelson Co., 179 U. S. 19, 33, 21 Sup. Ct. 7, 45 L. Ed. 60), nor a case of boycott, as abundantly appears in the case relied on in that behalf (Gompers v. Buck Stove & Range Co., 221 U. S. 418, 437, 31 Sup. Ct. 492, 55 L. Ed. 797, 34 L. R. A. [N. S.] 874). It falls far short of stating a case of the class to which Emack v. Kane (C. C.) 34 Fed. 46, belongs, or Commercial Acetylene Co. v. Avery Portable Lighting Co. (C. C.) 152 Fed. 642. See, also, Acme Acetylene Appliance Co. v. Commercial Acetylene Co., 192 Fed. 321, 112 C. C. A. 573 (C. C. A. 6th Cir.). A multiplicity of suits (Boise Artesian Water Co. v. Boise City, 213 U. S. 286, 29 Sup. Ct. 426, 53 L. Ed. 796) is not threatened, or at all probable; nor is any showing made that the wrongs averred cannot be redressed in a court of law.

The decree below is affirmed, with costs.