ASSOCIATED PRESS v. HERRICK, Regional Director, et al.

District Court, S. D. New York.
March 17, 1936.

Davis, Polk, Wardwell, Gardi⁊er & Reed (by John W. Davis), William C. Cannon, and Harold W. Bissell, all of New York City, for complainant.

Charles Fahy and David A. Moscovitz, both of Washington, D. C., and Philip Levy, of New York City, for Elinore Morehouse Herrick and David Moscovitz.

Greenbaum, Wolff & Ernst (by Morris L. Ernst), and Callman Gottesman, all of New York City, for American Newspaper Guild.

BONDY, District Judge.

This is a motion for a preliminary injunction.

The defendant National Labor Relations Board, acting under the provisions of the National Labor Relations Act, U. S. C. title 29, ch. 7 (29 U.S.C.A. § 151 et seq.), issued and noticed for hearing a complaint alleging that the complainant, the Associated Press, had engaged in unfair labor practices, as defined in section 8 of the act (29 U.S.C.A. § 158). The specific charge is that the complainant dismissed an employee, Morris Watson, on account of his activities in a labor organization known as the American Newspaper Guild

The board also served upon the complainant a notice of hearing pursuant to section 9 (c) of the act (29 U.S.C.A. § 159 (c), to determine the proper representatives of the editorial workers of the Associated Press in New York City for the purpose of collective bargaining.

The complainant seeks to enjoin the members of the board, the Regional Director, the board's attorney for this region, and the American Newspaper Guild, which preferred the charges on which the board is acting, from the further prosecution of the proceedings and from the enforcement against it of the National Labor Relations Act.

The complainant contends that the act is unconstitutional in its entirety; that the board accordingly has not any authority whatsoever; and that therefore complainant need not avail itself of the remedies provided by an invalid statute before seeking relief in the courts. See Smith v. Cahoon, 283 U.S. 553, 562, 51 S.Ct. 582, 75 L.Ed. 1264; Euclid, Ohio, v. Ambler Realty Company, 272 U.S. 365, 386, 47 S. Ct. 114, 71 L.Ed. 303, 54 A.L.R. 1016.

The complainant concedes that in "cases where the board has authority as to the subject matter but the question is whether the board is acting properly within the bounds of such authority * * * the complainant must first exhaust his administrative remedies and that the courts will not assume that the administrative body will act improperly or exceed its authority."

The constitutionality of the application of the statute to the complainant, accordingly, is not the foundation of the present prayer for relief. To quote again from its brief, "complainant's application for an injunction rests primarily on the complete unconstitutionality of the act."

The act is said to be unconstitutional for the reason that it purports to regulate the relations of employers and employees in industry, a matter not within the regulatory powers of Congress over interstate commerce, and because it violates the freedom of contract guaranteed by the Fifth Amendment.

The contention that the act is wholly unconstitutional seems hardly tenable in view of the decision of the Supreme Court of the United States in Texas & New Orleans R. Co. v. Brotherhood of Ry. & S. S. Clerks, 281 U.S. 548, 50 S.Ct. 427, 74 L. Ed. 1034, in which it was held that rela-

tions between railroads and their employees are subject to regulations analogous to those under consideration. However, it is not necessary for the purposes of this decision to pass upon the constitutionality of the statute in its entirety or in its application to the complainant.

■ Even assuming that the act is wholly unconstitutional, it is well settled that the unconstitutionality of a statute is not of itself sufficient ground for equitable relief by injunction against its enforcement. Boise Artesian Co. v. Boise City, 213 U.S. 276, 285, 29 S.Ct. 426, 53 L.Ed. 796. Before a court of equity will enjoin the enforcement of an unconstitutional statute, some valid ground for equitable jurisdiction must be shown. It must appear that complainant is suffering from or being threatened with some injury which cannot be adequately remedied unless an injunction is granted. See Terrace v. Thompson, 263 U.S. 197, 214, 44 S.Ct. 15, 68 L.Ed. 255; Indiana Manufacturing Co. v. Koehne, 188 U.S. 681, 23 S.Ct. 452, 47 L.Ed. 651; Spielman Motor Sales Co. v. Dodge, 295 U.S. 89, 55 S.Ct. 678, 79 L.Ed. 1322; Hegeman Farms Corporation v. Baldwin, 293 U.S. 163, 55 S.Ct. 7, 79 L.Ed. 259.

To establish that the complainant will be irreparably damaged unless a preliminary injunction is issued, the complainant alleges that the board and its agents threaten to cause investigators to enter its offices, to examine its records, interview its employees, and otherwise interfere with its business and its relations with its employees; that these defendants further threaten and intend by subpœna to compel the production of its records and the attendance of its representatives and employees as witnesses and to make public its confidential files; that they propose to take a secret ballot of complainant's employees to ascertain and certify the representatives selected for the purpose of collective bargaining by a majority of the editorial employees of complainant; that if complainant refuses to bargain collectively with the employees so designated, it will again be charged with unfair practice by the board and further proceedings will be had under the act; that in the event of a finding by the board that complainant has been guilty of unfair practice, it will be held up as an object of public ill will and scorn, and as a violator of law; that complainant will be injuriously affected in entering into contracts of employment; that complainant is threatened with a multiplicity of proceedings under the act, because demands for collective bargaining may be made in each of the many cities wherein complainant maintains offices; that defendants threaten and intend to order the complainant to restore Morris Watson as an employee without the right to discharge him again without being threatened with further complaints or a multiplicity of proceedings to compel his reinstatement; that the charges made by the board cannot be resisted except at great and irrecoverable expense; that the defendants threaten to require many employees to appear before the trial examiner as witnesses, which will interfere with its business of expeditiously gathering and disseminating news without interruption twenty-four hours daily, and these employees will be compelled to disclose confidential information pertaining to complainant's business; that if it should seek to resist or interfere with the board or its agents in the performance of their duties, complainant is threatened with a fine or imprisonment or both as provided by section 12 of the act (29 U.S.C.A. § 162); that the continuance of the proceedings by the board will destroy harmonious relations between the complainant and its employees, injuriously affecting their work, and will impair complainant's public good will.

■ The act, however, does not give the board or its investigators any authority to enter complainant's place of business or to examine its records or to interview complainant's employees on complainant's premises without complainant's acquiescence, otherwise than by order of the court under section 11 (2) of the act (29 U.S.C.A. § 161 (2). The provision that the board shall have access to evidence must be read in connection with the provisions for the issuance and enforcement of subpœnas.

Subpœnas of the board are not enforceable without intervention of the court. In case of contumacy or refusal to obey the subpœna of the board, it can merely apply to a court for an order requiring obedience to the subpœna. Only such a court order is enforceable by contempt proceedings.

■ No poll to determine representatives of complainant's employees for collective bargaining becomes injurious to the employer merely because it is conducted by a governmental board instead of by em-

900

ployees themselves, although the board may be better equipped than the employees to conduct a poll successfully.

■ Certification by the board of the names of representatives selected by the complainant's employees will constitute no more than a mere finding of fact without mandatory effect. Such a finding cannot injure the complainant, except possibly in its good will, and such injury is conjectural. A finding of fact in itself is no basis for injunctive relief. United States v. Los Angeles & Salt Lake R. Co., 273 U. S. 299, 47 S.Ct. 413, 71 L.Ed. 651. No enforceable order can be entered upon the basis of this finding until the complainant shall have refused to bargain with the representatives certified. Then the board may enter an order requiring the complainant to bargain with the designated representatives; but this order, like all other orders of the board, is enforceable, not by the board, but only by the court.

The orders of the board are not self-executing. Upon application by the board only a United States Circuit Court of Appeals, or, if the Circuit Court is in vacation, the District Court, may upon notice, and with the entire record of the proceedings before it, enforce the order of the board. Only for disobedience thereafter can any penalties or sanctions be applied. Until the court has acted complainant can stand upon what it deems to be its constitutional rights without fear of punishment if the court should decide that complainant's contention is erroneous.

■ Likewise, any order which the board may issue directing the complainant to restore Morris Watson as an employee, or to do or desist from doing any other thing, is not self-executing and need not be obeyed until and unless enforced by a court.

■ The provision of the act (section 12, 29 U.S.C.A. § 162), providing punishment by fine and imprisonment for willfully resisting, preventing, impeding, or interfering with any member of the board or any of its agents in the performance of duties pursuant to the act, cannot be construed to provide sanctions to compel obedience to the board's orders for the enforcement of which the statute requires affirmative court mandates.

■ For these reasons it appears that the complainant is not threatened with any injury by reason of the legal effect of any order of the board, without compulsion by the courts. See Federal Trade Commission v. Claire Furnace Company, 274 U.S. 160, 47 S.Ct. 553, 71 L.Ed. 978; Federal Trade Commission v. Millers' National Federation, 57 App.D.C. 360, 23 F.(2d) 968. Should the board apply to the courts for an enforceable order, an objection to the court's jurisdiction at that time on the ground that it was conferred by an unconstitutional enactment will give as complete a remedy as that now sought because, until that time, no order of the board will be effective and the complainant can not suffer any injury thereby.

The remaining allegations deal with injuries which would be sustained, if at all, by reason of the mere pendency of the proceedings, whether or not disobedience of the board's orders will subject the complainant to any risk of injury. See Pierce v. Society of Sisters, 268 U.S. 510, 45 S. Ct. 571, 69 L.Ed. 1070, 39 A.L.R. 468; Euclid, Ohio, v. Ambler Realty Company, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303, 54 A.L.R. 1016. The complainant relies on bare conclusions of fact which are not self-evident, nor supported by any proof, and in the main are denied by the defendants.

■ It is not shown that complainant's employees will be subpoenaed in such numbers as to materially interfere with or disrupt the complainant's business, or that they will be compelled to disclose confidential information.

■ The probability that demands for collective bargaining may be made upon the complainant in many cities, resulting in a multiplicity of proceedings in diverse jurisdictions, appears remote on the record. But in any case it is beyond the power of this court to relieve the complainant, as service has been made only upon the representatives of the board in this region and not upon the members of the board.

■ No proof has been offered that any expenses for counsel and witness fees in the proceedings before the board will be incurred in a substantial amount. It does not appear that the cost of proceeding before the board will be materially greater than the cost of an injunction suit. Moreover, it may be noted that in the decisions under the Interstate Commerce Act (49 U.S.C.A. § 1 et seq.) the trouble and expense of an allegedly illegal proceeding has been regarded as insufficient to justify an injunction. United States v. Illinois Central Railroad Company, 244 U.S. 82, 37 S. Ct. 584, 61 L.Ed. 1007.

Various allegations to the effect that an adverse finding of the board will cause the complainant to lose the good will of the public and of its employees do not establish that this result will probably follow. It seems at least equally probable that a proceeding to enjoin enforcement of the act would result in a similar loss of such good will. This is all a matter of conjecture. See Richmond Hosiery Mills v. Camp (C.C.A.) 74 F.(2d) 200, 201.

Being of the opinion that the complainant has not shown that it will suffer any injury by reason of the mere existence of the act or the mere pendency of proceedings against it or by reason of the effect of any action that the board has taken or may take, the court concludes that on the present application no necessity for injunctive relief has been established, and that it is therefore unnecessary to pass upon the constitutionality of the act, or its application to the complainant.