**DARTMOUTH WOOLEN MILLS, Inc., v.
MYERS, Acting Regional Director, et al.**

No. 291.

District Court, D. New Hampshire.
Oct. 26, 1936.

Albert Leahy, of Claremont, N. H., for
Dartmouth Woolen Mills, Inc.

Malcolm F. Halliday, of Washington,
D. C., for National Labor Relations Board.

MORRIS, District Judge.

This is an action in equity filed by the
Dartmouth Woolen Company of Clare-
mont, N. H., seeking an injunction restrain-
ing A. Howard Myers and members of the
National Labor Relations Board from
holding a hearing at said Claremont to de-
termine whether the Dartmouth Woolen
Company is guilty of unfair labor prac-
tices.

The case came before this court on mo-
tions to quash the subpœna and dismiss the
bill for want of equity. Both motions were
denied,[1] and the case set down for hearing
on its merits September 1, 1936. Counsel
for the parties appeared, and evidence was
offered by the petitioner to sustain its pe-
tition. The government offered no evi-
dence.

Since said hearing the government has
filed a petition for a rehearing on the points
of law heretofore decided, incorporating in
its brief many of the same authorities cit-
ed in its original brief. No new points not
already considered were made, and I see
no reason for reopening the case on the
motions heretofore determined.

Briefly, the allegations of the petition
are that on March 3, 1936, and for a long
time prior thereto, the petitioner was en-
gaged in the business of manufacturing
woolen goods at Claremont, N. H., employ-
ing a large number of persons; that on
March 4, 1936, members of the Local Un-

[1] 15 F.Supp. 751.

ion No. 2123, left their positions in the plant and went on a strike; that on May 2, 1936, complaint was filed with the National Labor Relations Board on behalf of the United Textile Workers of America, Local Union No. 2123, alleging that the petitioner was engaging in certain unfair labor practices affecting commerce as set forth and defined in the National Labor Relations Act. On May 4, 1936, a notice of a hearing to be held May 11th before a representative of the Board was received by the petitioner. The Dartmouth Woolen Company on March 8, 1936, filed the petition to restrain the Board from holding its hearing on May 11th.

The petition alleges that the National Labor Relations Act (29 U.S.C.A. §§ 151–166) is unconstitutional and irreparable injury will result if the hearing scheduled for March 11th is held.

I have previously held that the allegation of unconstitutionality of the act is not a ground for equitable relief and that the general allegation of irreparable injury is not sufficient.

Under the general allegation of irreparable injury, the petitioner alleged certain specific grounds of injury which I held raised issues of fact as to which the petitioner should be permitted to introduce evidence and which if established would be grounds for equitable relief. For this reason the motion to dismiss was denied and the case set for hearing on its merits.

The specific allegations of injury are set forth in paragraphs 15 and 16 of the petition, wherein it is alleged that, if the National Labor Relations Board is permitted to conduct the hearing set for March 11th and if the allegations concerning unfair labor practices are found by the Board to be true, irreparable injury would result to the petitioner in that a cease and desist order would be issued which would result in the discontinuance of its business, and, if such order were disobeyed, it would be subject to punishment for contempt. In other words, its claim is that it would be compelled to close down its factory by reason of the enforcement of an unconstitutional act.

Paragraph 16 alleges that, by reason of the filing of the Board's complaint against it and the hearing to be conducted thereunder, the business of said corporation is and will be interrupted and it will be subjected to large and irrecoverable expense and will be held up as an object of ill will and scorn. It is alleged that Edward Bentley, who instituted the complaint before the Board, and Local Union No. 2123 are financially irresponsible and that the petitioner would have no remedy against them for any loss, damage, or expense incurred as a result of filing said charges or the institution of said complaint.

The questions of fact and probable results likely to follow a hearing by the Board must be determined as of the time the petition was filed.

It is true that its production employees were on a strike, and it is fairly established that by reason of the strike the business of the petitioner was and would continue to be interrupted, and it is not improbable that the petitioner might not be able to take on new orders while the strike continued. However, these are the natural results following the strike, and not the result of a hearing to be held by the National Labor Relations Board.

I cannot anticipate what action the Board might take if the scheduled hearing were held, but, if a cease and desist order were issued, the petitioner could obtain a review of such order in the Circuit Court of Appeals having jurisdiction.

The National Labor Relations Act § 10 (f), 29 U.S.C.A. § 160 (f), provides that: "Any person aggrieved by a final order of the Board * * * may obtain a review of such order in any circuit court of appeals of the United States in the circuit wherein the unfair labor practice in question was alleged to have been engaged in or wherein such person resides or transacts business * * * by filing in such court a written petition praying that the order of the Board be modified or set aside."

Subsection (g) provides that: "The commencement of proceedings under subsection (e) or (f) of this section shall not, unless specifically ordered by the court, operate as a stay of the Board's order."

Subsection (i) provides that: "Petitions filed under this Act [chapter] shall be heard expeditiously, and if possible within ten days after they have been docketed."

It thus appears that upon petition for review the petitioner in the instant case could raise the question of constitutionality of the act in a legally constituted tribunal competent to pass upon the question. It cannot be found that any disastrous effect upon the business of the corporation would

be suffered in the time intervening between the filing of the petition for review and a hearing before the Circuit Court of Appeals, even if the court did not specifically order a stay of the Board's order.

■ The allegation that the petitioner may be subject to a fine and punishment or other criminal proceedings if the hearing before the Board is conducted is not a ground for equity jurisdiction. Ordinarily, a court of equity will not restrain a criminal prosecution, Richmond Hosiery Mills v. Camp (C.C.A.) 74 F.(2d) 200, even in a threatened action instituted under a state statute, Spielman Motor Co. v. Dodge, 295 U.S. 89, 55 S.Ct. 678, 79 L.Ed. 1322.

■ The allegations that the petitioner will be subjected to costs and expenses incident to a trial may be presumed. Suits at law and in equity and actions before administrative tribunals cost money, but cost of witnesses and lawyers and loss of time in attending hearings have never been considered grounds for equity jurisdiction. Bradley Lumber Company v. National Labor Relations Board (C.C.A.) 84 F.(2d) 97; S. Buchsbaum & Co. v. Beman (D.C.) 14 F.Supp. 444.

■ The allegation that the petitioner will be held up as an object of ill will and scorn is speculative, and no evidence was introduced upon which the court can base any findings to that effect. No evidence was introduced tending to show that any of petitioner's customers had refused or threatened to refuse to do business with it or that any threats were made to boycott its products.

I have already held that a business corporation is entitled to the good will and allegiance of its employees. No evidence was introduced at the hearing which in any way definitely establishes the fact alleged that the petitioner will suffer any irreparable loss on this account if the hearing before the Board is held. If employees out on a strike are permitted to resume their jobs and it is found that they neglect their duties and fail to show allegiance to their employers, there is no existing law which requires their retention.

My attention has been called to the case of Associated Press v. Herrick, Regional Director, et al. (D.C.) 13 F.Supp. 897, wherein Judge Bondy denied petitioner's prayer for an injunction and dismissed the bill. Following that denial, the petitioners raised all constitutional and jurisdictional questions at a hearing before the Board. The Board found the petitioner guilty of unfair labor practices and, upon petition for review, the findings of the Board and the order thereon were sustained by the Circuit Court of Appeals. The effect of this decision is to hold that the National Labor Relations Act as applied to that particular case is constitutional. In other words, it seems to hold that the Associated Press was engaged in interstate commerce. It can hardly be said that the case should be followed in the instant case.

Upon the facts before me I find that the Dartmouth Woolen Company, with reference to the manufacturing end of the industry, is not engaged in interstate commerce as the term is generally understood. Whether the National Labor Relations Act is constitutional and, if constitutional, whether it can be applied to the Dartmouth Woolen Company, are questions that I leave undetermined. See: National Labor Relations Board v. Friedman-Harry Marks Clothing Co. (C.C.A.2d) 85 F.(2d) 1, July 13, 1936; National Labor Relations Board v. Jones & Laughlin Steel Corporation (C.C.A.3rd) 83 F.(2d) 998, June 15, 1936; Foster Bros. Mfg. Co. v. National Labor Relations Board (C.C.A.4th) 85 F.(2d) 984, Oct. 6, 1936.

■ But as already stated, even if I were to rule that the act is unconstitutional or, if constitutional, that it cannot be applied to the Dartmouth Woolen Company, such rulings would not supply grounds for equitable jurisdiction.

After a careful consideration of the allegations in the petition and the evidence adduced in support thereof, I find as a fact that the petitioner has not sustained grounds for equitable relief, and that the order must be,

Injunction denied; bill dismissed.