OPINION OF THE COURT
Gabkielli, J.
We hold that the Legislature validly and constitutionally imposed upon vendors, who have already collected sales taxes upon their sales made between March 1 and March 20, the *348 statutory obligation to accelerate their sales tax payments which become due on March 20 by estimating their sales and resultant taxes thereon for the balance of that month, in order to pay their full monthly tax liability prior to the close of the State’s fiscal year on March 31.
Upon the heels of the financial crisis confronting the State, and in order to establish a more sound fiscal operating policy to coincide with the close of each fiscal year, the 1975 Extraordinary Session of the Legislature enacted chapter 894 of the Laws of 1975 (superseded by L 1976, ch 89), all of which became section 1137-A of the Tax Law, effective March 1, 1976. The announced purpose therefor was to serve as a revenue raising measure to truly balance the State budget at the close of the fiscal year each March 31. The statute requires vendors to pay on March 20 their estimated sales tax liability for the entire month of March, although the vendors have, of course, not yet collected any taxes on sales they expect to make between March 20 and March 31. Adjustments reflecting actual sales taxes collected during this period are to be made in the vendor’s April monthly return, with the required additional payments or refunds, whichever may be appropriate.
Petitioners, large automobile dealers, who are affected by the statute, brought an article 78 proceeding seeking a declaration that section 1137-A of the Tax Law is unconstitutional. The proceeding was properly converted into an action for a declaratory judgment by Supreme Court, Albany County (Hughes, J.), all necessary parties having appeared and answered (CPLR 103, subd [c]). An article 78 proceeding, as such, does not lie to challenge the constitutionality of a legislative enactment (New York Public Interest Research Group v Steingut, 40 NY2d 250; Matter of Kovarsky v Housing & Dev. Admin. of City of N. Y., 31 NY2d 184). Having converted the action, as it is empowered to so do, Supreme Court entered a judgment declaring that the challenged statute was valid and constitutional. The Appellate Division, with one Justice dissenting, affirmed, and the petitioners appeal to this court as of right (CPLR 5601, subd [a]).
Measures enacted in the exercise of the taxing power for the purpose of raising revenues violate the due process clause " 'only if the act be so arbitrary as to compel the conclusion that it does not involve an exertion of the taxing power, but constitutes, in substance and effect, the direct exertion of a *349 different and forbidden power, as, for example, the confiscation of property.’ (Magnano Co. v. Hamilton, 292 U. S. 40, 44)” (Shapiro v City of New York, 32 NY2d 96, 102, app dsmd 414 US 804; see, also, United States v Smith, 484 F2d 8, cert den 415 US 978). The Legislature has nearly unconstrained authority in the design of taxing measures unless they are utterly unreasonable or arbitrary (Matter of Long Is. Light. Co. v State Tax Comm., 45 NY2d 529; Gautier v Ditmar, 204 NY 20).
Measured against this standard, it is clear that taxes on sales or uses are constitutional and within the power of governments to levy. Petitioners, recognizing this, do not challenge the State’s authority to tax sales, their only argument being that the State has no power to impose a tax on sales before they are actually consummated.
We are quick to point out, however, that advance taxation has been consistently sustained in other areas, both by our court and the United States Supreme Court. In People ex rel. Bass, Ratcliff & Gretton v State Tax Comm. (232 NY 42, affd sub nom. Bass, Ratcliff & Gretton v Tax Comm., 266 US 271) we sustained a statute requiring prepayment of an annual corporate franchise tax levied on the privilege of doing business in this State, and in Salomon v State Tax Comm. (278 US 484) the requirement that taxpayers post security for a deferred payment of future taxes was likewise upheld. In Phillips v Commissioner (283 US 589) the requirement that stockholders remit unpaid Federal taxes on the income and profits of their corporation before any hearing is held to determine their actual liability was also found not to violate the due process clause (accord Commonwealth Dev. Assn. of Pa. v United States, 365 F Supp 792, affd 503 F2d 1398).
The advance payment of taxes on income not yet earned is neither new, novel nor improper, and is a fact of life for millions of taxpayers in New York State and the United States. Both jurisdictions provide for installment payments of estimated income tax including, inter alia, the requirement that the taxpayer pay, in installments each year on June 15 and September 15, the taxes due on estimated income through the end of each month, including, of course, June and September (US Code, tit 26, § 6153; Tax Law, § 656).* Such a method *350 of paying and collecting the tax has been upheld — and for good, legal and logical reasons (see, e.g., Beacham v Commissioner of Internal Revenue, 255 F2d 103; Erwin v Cranquist, 253 F2d 26, cert den 356 US 960). In Erwin, the statute required the taxpayer to estimate his income for the whole of the taxable year and to pay the estimate in four equal payments, in advance. The taxpayer argued that the statute was unconstitutional, because it required that a tax return be filed when there had been no discernible or measurable income and, also required the taxpayer to "guess” what his income will be and pay a tax thereon. Precisely the same argument is made by the petitioners in this case, and, like the Federal courts, we reject it.
The only feature to distinguish the tax here under consideration from those involved in the above-cited cases is that sales taxes are generally said to be paid by the purchaser to the vendor, and the vendor is required to collect the tax due from the purchaser and hold it as trustee for the State (Tax Law, § 1132, subd [a]). Thus, petitioners argue, the vendor is not liable for anything until a sale is made and, it is claimed, a statute requiring advance payment is a deprivation of property without due process of law.
This very argument has been rejected by this court in a sales tax case involving the liability for and collection of New York City sales taxes. There, we noted that the obligation imposed upon the vendor is described as "in the nature of a tax. He must file a return of his receipts from sales. * * * The duty of payment to the city is laid upon the vendor, not the purchaser. His liability is not measured by the amount actually collected from the purchaser but by the receipts required to be included in such return. * * * He must pay the tax even if failure to collect is due to no fault of his own” (Matter of Atlas Tel. Co., 273 NY 51, 57). Our holding that there is no due process violation is in complete accord with the decisions of our sister States as well (see, e.g., Stevens Enterprises v State Comm. of Revenue & Taxation, 179 Kan 696; Piedmont Canteen Serv. v Johnson, 256 NC 155; Calvert v Canteen Co., 371 SW2d 556 [Tex]; Robert H. Hinckley, Inc. v State Tax Comm., 17 Utah 2d 70; White v State, 49 Wn 2d 716).
*351 We cannot adopt appellants’ theory that as anticipatory vendors they may not be cast in liability since they are mere potential vendors, and nothing more. As to their status as vendors in a tax collection capacity, we take note of the trustee relationship with which appellants have no quarrel. On the question of their "status” we can state it no more clearly than did this court in (Matter of Grant Co. v Joseph (2 NY2d 196, 203, mot to amend remittitur granted 2 NY2d 992, cert den 355 US 869) where the court stated that "[t]here is no doubt that the sales tax law imposes upon the vendor the obligation of a taxpayer in addition to that of a collecting trustee. In plain and unequivocal language, it declares that the tax 'shall be paid by the purchaser to the vendor as trustee for and on account of the city and the vendor shall be liable for the collection thereof and for the tax’ (Administrative Code, § N41-2.0, subd. e). While the incidence of the tax is, in the first instance, placed on the consumer, this court has flatly held that 'vendors * * * are to be deemed taxpayers under this legislation’ (Matter of Fifth Ave. Bldg. Co. v. Joseph, 297 N. Y. 278, 283), that the obligation imposed on the vendor is in the nature of a tax’ ” (see, also, Matter of Atlas Tel. Co., supra; Matter of Merchants Refrig. Co. v Taylor, 275 NY 113, 118).
Accordingly, the order of the Appellate Division should be affirmed, with costs.

 These Federal and State enactments require the filing of advance declarations of estimated tax on annual income and a payment of a tax on income yet unearned. In each jurisdiction, the first payment is due April 15, covering the full months of *350 January, February, and March; the second is due June 15, covering April, May and all of the month of June; the third is due September 15, covering July, August and all of the month of September; and the fourth is due January 15, covering the previous months of October, November and December.