OPINION OF THE COURT
Lawrence E. Kahn, J.
In this action, plaintiff seeks a declaration that section 182 of the Tax Law is unenforceable and void from its inception. It seeks summary judgment on its first, second and third causes of action which assert that the above provision is in violation of both the commerce and supremacy clauses of the Federal Constitution, and that its enactment and implementation results in a denial of due process to plaintiff.
The challenged tax imposed a 2% gross profits tax on profits generated within the State of New York, and partially prevented the plaintiff and other oil companies from passing this additional tax on to the consumers of New York State. This “anti-pass through” provision was invalidated by the United States District Court for the *72 Northern District of New York, holding that it was in conflict with the supremacy clause (Mobil Oil Corp. v Tully, 499 F Supp 888), thereafter, said decision was affirmed by the Temporary Emergency Court of Appeals of the United States (Mobil Oil Corp. v Tully, 653 F2d 497). In rendering its decision, the District Court specifically held that “[n]one of the plaintiffs challenges the imposition of the gross receipts tax itself. Rather, they challenge only the anti-pass through provision”. (Mobil Oil Corp. v Tully, supra, p 892). As such, there has been no declaration that the tax itself is unconstitutional.
Plaintiff contends that the sole issue for this court’s determination is whether the Legislature may take and keep the proceeds from an unconstitutional tax. However, as hereinabove set forth, the Federal courts have never declared the tax unconstitutional, but rather have limited their holding to a finding that the anti-pass through provision is in violation of the supremacy clause. In an attempt to bootstrap the Federal decisions into a mandate against an unconstitutional “taxing scheme”, plaintiff asserts that the tax itself is inseparable from the pass through prohibition and, is therefore, likewise void from its inception. Plaintiff is correct in its assertion that due process will not allow a State to keep the proceeds of an illegal tax. A contrary holding would sanction other unconstitutional taxing measures by allowing the Legislature to enact unconstitutional tax statutes and then reap the proceeds therefrom until the courts could invalidate same. This would surely be an impermissible result. However, such is not the case at bar.
It is clear that a State may impose a gross receipts tax upon corporations doing business in this State, if the tax is applicable to activity having a constitutional nexus herein, is fairly apportioned, does not.discriminate against interstate commerce, and is reasonably related to the services provided by the State (Complete Auto Tr. v Brady, 430 US 274). A review of the tax in question reveals that it meets these criteria and is not unconstitutional. The plaintiff has the burden of proving that the statute is unconstitutional beyond a reasonable doubt (Lincoln Bldg. Assoc. v Barr, 1 NY2d 413), and has failed to meet this burden.
*73 Plaintiff asserts that the constitutional invalidity of the pass through prohibition vitiates the entire statute from the beginning. In resolving this issue, Judge Cardozo, long ago, held that “The question is in every case whether the legislature, if partial invalidity had been foreseen, would have wished the statute to be enforced with the invalid part exscinded, or rejected altogether.” (People ex rel. Alpha Portland Cement Co. v Knapp, 230 NY 48, 60.) The answer to this question becomes apparent when one examines the circumstances surrounding the passage of the legislation under attack. In the initial version of the legislation which was passed, implementation of the tax was deferred until a determination of the viability of the anti-pass through provision had been obtained. This willingness to delay the implementation of the tax was premised upon a concern that the consumer not bear the brunt of additional taxing measures. However, foreseeing the possibility of partial invalidity, the Legislature enacted a chapter amendment after much debate which clearly altered the prospective nature of the tax by removing the aforesaid delay and requiring that it be paid, until 10 days after any decision invalidating the anti-pass through (i.e., consumer protection) portion of the legislation, thus, exposing the consumers of this State to what may be termed a limited liability for increased prices at the pump albeit if only for the time needed to litigate the anti-pass through issue. The Legislature passed the chapter amendment with this ultimate consequence fully envisioned, and this court cannot “ignore section 12” as plaintiff urges. Absent compelling proof to the contrary, this court must presume that the Legislature is cognizant of the consequences of its acts.
Accordingly, plaintiff’s motion for summary judgment shall be denied. Defendants’ motion for summary judgment shall be granted to the extent that it seeks a declaration that the tax imposed by chapter 271 of the Laws of 1980 is constitutional and validly enforceable from January 1, 1980 through November 10, 1980.