OPINION OF THE COURT
Lawrence E. Kahn, J.
Defendant has moved, and plaintiff has cross-moved, for reargument and renewal of a prior decision of this court, dated July 15, 1981 (110 Misc 2d 71). In said decision, *461 plaintiff’s motion for summary judgment upon its first, second and third causes of action was denied and defendants’ motion for summary judgment was granted to the extent that it sought a declaration that the tax imposed pursuant to chapter 271 of the Laws of 1980 was constitutional and validly enforceable from January 1, 1980 through November 10, 1980. Defendants’ motion is based upon new and additional evidence and seeks to modify the July 15, 1981 decision by a declaration that said tax is validly enforceable from January 1, 1980 to date (rather than through November 10,1980). Plaintiff’s cross motion seeks to reargue the granting of summary judgment to defendants. In addition to the above motions to reargue, defendants have moved for summary judgment dismissing the plaintiff’s fourth, fifth and sixth causes of action.
The motions for reargument and renewal are addressed to this court’s discretion, and are “designed to afford a party an opportunity to establish that the court overlooked or misapprehended the relevant facts, or misapplied any controlling principle of law.” (Foley v Roche, 68 AD2d 558, 567.) In the case at bar, the parties have submitted additional decisions and orders in the companion Federal litigation which were not available upon the original motion. The Federal District Court, the Circuit Court of Appeals and the Temporary Emergency Court of Appeals have each independently issued stays of the injunction barring enforcement of the pass-through prohibition contained in the challenged legislation. There has not yet been a determination within the meaning of subdivision (d) of section 12 of chapter 271 of the Laws of 1980, and therefore, the act continues to be enforceable until a final order is forthcoming from either the Temporary Emergency Court of Appeals or the Supreme Court of the United States. Accordingly, defendants’ motion to reargue shall be granted to the extent that it seeks deletion of reference to validity of the tax only through November 10,1980. Defendants have also, again, moved for summary judgment on plaintiff’s remaining causes of action and its counterclaims by way of separate motion. Said motion shall be consolidated in this proceeding for purposes of resolution.
*462 The plaintiff’s motion to reargue and renew its prior motion for summary judgment on the first, second and third causes of action set forth in the complaint shall be denied. Such a motion may not be utilized to authorize an unsuccessful party to argue again the precise issues previously determined (Fosdick v Town of Hempstead, 126 NY 651).
This court’s original decision herein held that the State of New York may constitutionally impose a gross receipts tax upon corporations doing business within the State, if the tax is applicable to the activity having a constitutional nexus herein, is fairly apportioned, does not discriminate against interstate commerce, and is reasonably related to the services provided by the State (see Complete Auto Tr. v Brady, 430 US 274). Plaintiff opposes the instant motion for summary judgment on its remaining causes of action by asserting that there are material facts in dispute which preclude the granting of summary judgment (Bakerian v Horn, 21 AD2d 714). They argue that the defendants have failed to prove that, as a matter of law, the challenged statute affords the plaintiff due process of law, equal protection of law, and is in compliance with the commerce clause. They assert that defendants’ pro forma affidavit and memorandum of law contain numerous unsworn allegations of fact, generalizations and assumptions. Plaintiff’s arguments concerning the quality of defendants’ moving papers is well taken. However, said argument is not dispositive of the issues raised herein. Plaintiff, not defendant, has the burden of proving that the statute is unconstitutional beyond a reasonable doubt (Lincoln Bldg. Assoc. v Barr, 1 NY2d 413). Indeed, there is a presumption that the statute is constitutional. “The Legislature has nearly unconstrained authority in the design of taxing measures unless they are utterly unreasonable or arbitrary”. (Ames Volkswagen v State Tax Comm., 47 NY2d 345, 349.) Regardless of the deficiencies in defendants’ moving papers, plaintiff cannot shift its burden of proof on the issue of constitutionality. A party cannot defeat a motion for summary judgment without presenting its proof in evidentiary form (Di Sabato v Soffes, 9 AD2d 297). “ ‘Bald conclusory assertions, even if believable, are not *463 enough.’ ” (Ehrlich v American Moninger Greenhouse Mfg. Corp., 26 NY2d 255, 259.) Plaintiff has failed to meet its burden. A review of the challenged statute reveals that as to this plaintiff, it does not violate either the Federal or State constitutional provisions set forth in causes of action numbered four, five and six.
Finally, defendants’ request that a judgment be entered, in its favor in a specific dollar amount, representing the tax alleged to be due and owing, shall be denied. The State of New York may not collect unpaid estimated taxes without a prior assessment.