OPINION OF THE COURT
Lawrence E. Kahn, J.
Defendant has moved, and plaintiff has cross-moved, for reargument and renewal of a prior decision of this court, dated July 15, 1981. In said decision, plaintiff’s motion for summary judgment upon its second, third, fourth and sixth causes of action was denied and defendants’ motion for summary judgment was granted to the extent that it sought a declaration that the tax imposed pursuant to chapter 271 of the Laws of 1980 was constitutional and validly enforceable from January 1, 1980 through November 10, 1980. Defendants’ motion is based upon new and additional evidence and seeks to modify the July 15, 1981 decision by a declaration that said tax is validly enforce *472 able from January 1, 1980 to date (rather than through November 10, 1980). Plaintiff’s cross motion to reargue seeks to shorten the cessation date of the franchise tax to September 29, 1980, and in addition, seeks to reargue and renew its opposition to the granting of summary judgment in favor of the defendants, asserting that their prior summary judgment motion was limited solely to the above causes of action, and expressly preserved the remaining causes of action set forth in their complaint.
The motions for reargument and renewal are addressed to this court’s discretion, and are “designed to afford a party an opportunity to establish that the court overlooked or misapprehended the relevant facts, or misapplied any controlling principle of law.” (Foley v Roche, 68 AD2d 558, 567.) In the case at bar, the parties have submitted additional decisions and orders in the companion Federal litigation which were not available upon the original motion. The Federal District Court, the Circuit Court of Appeals and the Temporary Emergency Court of Appeals have each independently issued stays of the injunction barring enforcement of the pass-through prohibition contained in the challenged legislation. There has not yet been a determination within the meaning of subdivision (d) of section 12 of chapter 271 of the Laws of 1980, and therefore, the act continues to be enforceable until a final order is forthcoming from either the Temporary Emergency Court of Appeals or the Supreme Court of the United States. Accordingly, defendants’ motion to reargue shall be granted to the extent that it seeks deletion of reference to validity of the tax only through November 10, 1980.
Concerning plaintiff’s motion to reargue and renew the July 15, 1980 opinion, their summary judgment motion was denied, and defendants’ cross motion was granted to the extent that it sought a declaration that the tax imposed by chapter 271 of the Laws of 1980 is constitutional and validly enforceable. However, the granting of defendants’ motion to this extent did not resolve all the issues raised by plaintiff. After a conference with the Honorable Edward S. Conway, it was decided that plaintiff’s motion be limited to those grounds set forth by Shell Oil Company in a related motion for summary judgment. Plaintiff correctly *473 argues that it preserved its remaining causes of action. Further, both parties have moved for summary judgment on their remaining causes of action and counterclaims by way of separate motion. Said motions shall be consolidated in this proceeding for purposes of resolution. The plaintiff’s motion for reargument upon the granting of summary judgment to the defendant and the dismissal of plaintiff’s remaining causes of action shall be granted.
NEPCO (New England Petroleum Corporation) asserts three independent grounds for the basis of its latest summary judgment motion. Initially, it argues that the tax violates the import-export laws of the Constitution of the United States (art I, § 10, subd 2) for sales of imported oil which occur at dockside. Secondly, it asserts that the retroactive nature of the tax violates the due process clause of both the United States and New York State Constitutions. Thirdly, it argues that, although termed a “gross receipts tax” by the Legislature, it is in fact a tax on wealth, profits or income, and is based upon an irrebuttable presumption thereof, thus, also allegedly in violation of the due process clauses of the State and Federal Constitutions in that it is based upon an arbitrary, capricious, irrational, improper and irrebuttable classification.
The import-export clause of the United States Constitution, as said clause is presently interpreted by the United States Supreme Court, is not violated by the tax in question (Michelin Tire Corp. v Wages, 423 US 276). The tax is nondiscriminatory, and not directed at imports because of their place of origin. The tax applies to oil company receipts regardless of whether the products sold are from foreign or domestic sources. It does not conflict with the free flow of imported goods among the various States in that plaintiff’s imported oil is delivered for use directly in New York. Thus, it cannot be said that the goods are merely in transit through this State when the tax is assessed.
Plaintiff’s second contention is that insofar as the tax imposed on it is retroactive to January 1, 1980 it violates the due process clause of the Constitutions of the United States and New York. It has been repeatedly held that the Legislature “has nearly unconstrained authority in the *474 design of taxing measures unless they are utterly unreasonable or arbitrary” (Ames Volkswagen Ltd. v State Tax Comm., 47 NY2d 345, 349). However, the Legislature’s authority is not without limits. The Court of Appeals has had recent occasion to pass upon the question of the retroactive application of an income tax statute. In Holly S. Clarendon Trust v State Tax Comm. (43 NY2d 933, 934), the court held that “[r]etroactivity provisions in tax statutes, if for a short period, are generally valid, but the constitutional analysis must involve a balancing of equities.”
In the case at bar, no persuasive factors have been set forth which would balance the equities in favor of the unconstitutionality of this retroactive gross profits tax as it applies to plaintiff.
Finally, this court has reviewed the allegations of plaintiff in its eighth cause of action, to wit, that the challenged tax is a tax on presumed wealth, profits or income, rather than a “gross receipts tax”, and finds these arguments to be without merit (Ames Volkswagen Ltd. v State Tax Comm., 47 NY2d 345, supra).
Defendants’ request that a judgment be entered in favor of the defendants against the plaintiff in a specific dollar amount, said amount representing the tax alleged to be due and owing on October 15, 1980, shall be denied. The State of New York may not collect unpaid estimated taxes without a prior assessment.