MOBIL OIL CORPORATION, Atlantic Richfield Company, Gulf Oil Corporation, United Refining Company, Chevron U.S.A. Inc., Amoco Oil Company, Texaco Inc. and Exxon Corporation, Plaintiffs-Appellees,

v.

James H. TULLY, Jr., Thomas H. Lynch and Francis Koenig, Constituting the New York State Tax Commission; Robert Abrams, Attorney General of the State of New York; and James L. LaRocca, Commissioner of the New York State Energy Office, Defendants-Appellants.

AMERADA HESS CORPORATION, Plaintiff-Appellee,

v.

James H. TULLY, Jr., Thomas H. Lynch and Francis Koenig, Constituting the New York State Tax Commission; Robert Abrams, Attorney General of the State of New York; and James L. LaRocca, Commissioner of the New York State Energy Office, Defendants-Appellants.

Nos. 2–29, 2–30.

Temporary Emergency Court of Appeals.

Submitted on Briefs July 1, 1982.

Decided July 16, 1982.

See also, 2d Cir., 639 F.2d 912.

Thomas R. Trowbridge III, Donovan, Leisure, Newton & Irvine, New York City, James P. Shaughnessy, Washington, D.C., Bond, Schoeneck & King, Syracuse, N.Y., on the briefs, for plaintiffs-appellees Mobil Oil Corp., Atlantic Richfield Co., United Refining Co., Chevron U.S.A. Inc., Amoco Oil Co., Texaco Inc. and Exxon Corp.; Alfred E. Keane and Daniel A. Piloseno, White Plains, N.Y., and Barry Wertz, Houston, Tex., of counsel.

Edward F. Gerber, Syracuse, N.Y., on the briefs for plaintiff-appellee Gulf Oil Corp.; Arthur C. Vangeli, Sydney M. Avent, Bala Cynwyd, Pa., of counsel.

Stanley D. Robinson, Randolph S. Sherman, Kaye, Scholer, Fierman, Hays & Handler, New York City and William L. Allen, Jr., Hancock, Estabrook, Ryan, Shove & Hust, Syracuse, N.Y., on the briefs, for plaintiff-appellee Amerada Hess Corp.

Robert Abrams, Atty. Gen., State of N.Y., Albany, N.Y., on the briefs, for defendants-appellants; Peter H. Schiff, Albany, N.Y., of counsel.

Paul Weiss, Rifkind, Wharton & Garrison, New York City, on the brief, for defendants-appellants New York State Tax Com'n; Simon H. Rifkind, Edward N. Costikyan, Richard D. Friedman, Michael C. Lasky, William P. Farley, New York City, of counsel.

Before METZNER, PECK and LACEY, Judges.

PER CURIAM:

The oil companies, who were the plaintiffs-appellees in this court and the Supreme Court, have moved for an order modifying this court's judgment *nunc pro tunc* to conform it to this court's opinion and the opinion of the Supreme Court. The modification would add a paragraph to the effect that the anti-passthrough provision of Section 182(11)(a) of the New York tax law, as amended, is invalid because of pre-emption by the Emergency Petroleum Allocation Act (EPAA), 15 U.S.C. §§ 751–760h, through September 30, 1981, and that the state is enjoined from enforcing such provision on any transaction or sale which occurred, or any tax liability which accrued prior to October 1, 1981.

On February 22, 1982, the Supreme Court ruled in a per curiam opinion that the judgment in this case be vacated and the case remanded to the Temporary Emergency Court of Appeals, 653 F.2d 497 "for reconsideration in the light of the expiration of federal price control authority under the EPAA." 455 U.S. 245, 249, 102 S.Ct. 1047, 1050, 71 L.Ed.2d 120. The Court said that "in its present form the declaration of the invalidity of the anti-passthrough provision and the accompanying injunction against enforcing it have no current validity and must be set aside." *Id.* at 1049.

It is clear from the opinion of the Supreme Court that the judgment was set aside because the EPAA, which had been the only barrier to the enforcement of the anti-passthrough provision, no longer existed. A specific reference to the date of October 1, 1981, in this court's opinion or in its judgment would not have changed the result. The judgment itself merely said, "Judgment affirmed." If there is need to amend a judgment, it would appear that application should be made to the district court whose judgment was affirmed, 499 F.Supp. 888. We note that there may not be a judgment left to be amended.

The Supreme Court also stated that ordinarily a finding that there was no longer a conflict between federal and state law would conclude the dispute. However, since both parties to the litigation insist that there are important controversies remaining which may have federal overtones, the matter should be remanded to TECA. *Id.* at 1049. Such matters were never brought to the attention of this court on the original appeal. The only question before this court at that time was whether the anti-passthrough provision in the state statute was invalid under the supremacy clause of the Constitution. We held that it was invalid, and affirmed the judgment below. That judgment had granted summary judgment to plaintiffs on the issue of pre-emption.

We hold that orderly procedure calls for this matter to be remanded to the district court for whatever action is deemed necessary in the first instance.

The motion is denied without prejudice.

So ordered.