SCALLOP CORPORATION, Plaintiff,

v.

James H. TULLY, Jr., Thomas H. Lynch, and Francis Koenig, constituting the New York State Tax Commission; Robert Abrams, Attorney General of the State of New York; and James L. LaRoca, Commissioner of the New York State Energy Office, Defendants.

No. 81–CV–744.

United States District Court, N. D. New York.

Sept. 3, 1982.

Cravath, Swaine & Moore, New York City, Kernan & Kernan, P.C., Utica, N.Y., for plaintiff; Paul M. Dodyk, Henry B. Gutman, Nancy F. Preiss, New York City, John Hunt, Utica, N.Y., of counsel.

Robert Abrams, Atty. Gen., State of N.Y., Albany, N.Y., for defendants; Shirley Adelson Siegel, Sol. Gen., Albany, N.Y., of counsel.

Paul Wiess, Rifkind Wharton & Garrison, New York City, for defendants Tully, Lunch and Koenig; Edward N. Costikyan, Simon H. Rifkind, Richard D. Friedman, Michael C. Lasky, New York City, of counsel.

## MEMORANDUM–DECISION AND ORDER

McCURN, District Judge.

In June 1980, New York State enacted a two percent tax on the gross receipts of oil companies attributable to revenues derived from their in-state activities. New York Tax Law § 182 (McKinney Supp. 1981). In an effort to insure that the tax would be borne by the oil companies rather than by consumers, the New York Legislature included a so-called "anti-passthrough" provision which prohibited the oil companies from including the cost of the new tax in the sales price of products sold in New York State. *Id.*, § 182(11)(a). The Act further provided that if the anti-passthrough provision were declared invalid or its enforcement enjoined by a court of competent jurisdiction, and after exhaustion of all further judicial review, the Act would self-destruct and cease to exist on the tenth day thereafter. *See* 1980 N.Y.Laws, ch. 272, §§ 5, 12(a), (b). Finally, the Act contained a proviso to the effect that all tax liabilities, including interest and penalties, which accrued prior to the date on which the Act ceases to exist under the self-destruct clauses, "may be enforced as fully and to the same extent as if such act had continued in effect." *Id.*, § 12(d).

In an earlier challenge to the new Act,[1] this Court held that the anti-passthrough

---

1. *Mobil Oil Corp. v. Tully,* 499 F.Supp. 888 (N.D.N.Y.1980), aff'd in part, 639 F.2d 912 (2d

provision amounted to a price control which conflicted with, and was preempted by the Emergency Petroleum Allocation Act (EPAA) 15 U.S.C. § 751 *et seq.,* by virtue of the Supremacy Clause of the United States Constitution. This Court's judgment declaring invalid and enjoining enforcement of the anti-passthrough provision was entered on September 19, 1980, but the effect of the judgment has been stayed since that date by orders entered in this Court and in the appellate courts which have been asked to review our judgment. Under the terms of the Act, of course, these judicial stays effectively precluded the Act's self-destruct mechanism from taking effect and arguably permitted the oil companies' tax liabilities to continue to accrue to the same extent as if the judgment had never been entered. *See* 1980 N.Y.Laws ch. 271 § 12(d).

It was this curious state of affairs that gave rise to the present lawsuit. In the Spring of 1981, the New York State Department of Taxation and Finance issued to plaintiff Scallop Corp. a Statement of Audit Adjustment and Notice of Deficiency in the amount of $7,480,988 plus interest and penalties, reflecting the Department's calculation of Scallop's accrued tax liability under the Act for the period January 1 through December 31, 1980. Scallop responded by submitting a Petition for Redetermination of the Deficiency with the New York State Tax Commission and by filing this action for a declaratory judgment that the Act is unconstitutional to the extent that it imposes tax liability during the period when oil companies were prevented from including the cost of the tax in the sale price of products sold in New York. Relying on this Court's earlier invalidation of the anti-passthrough provision, Scallop claims that New York's effort to collect the gross receipts tax for the period during which the anti-pass through provision operated as an inval-

id price control is equally inconsistent with, and therefore preempted by the EPAA, and void under the Supremacy Clause.

This matter is before the Court on the defendants' motion, pursuant to Rule 12(b)(6), for an order dismissing the complaint on the ground that The Tax Injunction Act, 28 U.S.C. § 1341 deprives this Federal court of jurisdiction to entertain plaintiff's challenge to New York's Tax Act. Also before the Court is plaintiff's motion for summary judgment pursuant to Rule 56 of the Fed.R.Civ.P., for the declaratory relief described in the preceding paragraph. Because we hold that the Tax Injunction Act applies to this case and precludes us from exercising jurisdiction, we today dismiss the complaint without considering the merits of plaintiff's motion for summary judgment. We will assume familiarity not only with this Court's earlier opinion in *Mobil Oil v. Tully,* but also with the opinions of the appellate courts cited in footnote one.

The complaint in this action seeks a declaratory judgment that the "New York Tax Law § 182 ... is unconstitutional on the ground that that statute conflicts with and is preempted by the (EPAA) and regulations promulgated pursuant thereto." Complaint ¶ 1. The State defendants contend that because such a judgment would invalidate § 182 of the New York Tax Law and because the courts of New York provide an adequate forum for resolution of Scallop's constitutional challenge, the complaint must be dismissed under the Tax Injunction Act, 28 U.S.C. § 1341.

The Tax Injunction Act provides:

"The district court shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the Courts of such State.

Cir. 1981), *cert.* denied, 452 U.S. 967, 101 S.Ct. 3123, 69 L.Ed.2d 981 (1981), aff'd in part, 653 F.2d 497 (Em.App.1981), vacated and remanded for reconsideration in light of the expiration of federal price control authority, —— U.S. ——, 102 S.Ct. 1047, 71 L.Ed.2d 120 (1982), on remand, 689 F.2d 186 (Em.App.1982) (denying motion to amend judgment and remanding to

district court). In sum, having wended its way through the thickets of appellate review, the *Mobil Oil* litigation has come full circle, arriving at our doorstep with the cryptic note, "that there may not be a judgment left to be amended." *Mobil Oil Corp. v. Tully,* 689 F.2d 186 (Em.App.1982).

28 U.S.C. § 1341. The Act, which has its roots in federal equity practice, principles of federal-state comity and "the imperative need of a State to administer its own fiscal operation," *Tully v. Griffin,* 429 U.S. 68, 73, 97 S.Ct. 219, 222, 50 L.Ed.2d 227 (1976), "prohibits a federal district court, in most circumstances, from issuing an injunction enjoining the collection of state taxes," *California v. Grace Brethren Church,* —— U.S. ——, 102 S.Ct. 2498, 2508, 73 L.Ed.2d 93 (1982). Indeed, prior to the enactment of § 1341, the Supreme Court had recognized the need for federal court restraint in state tax matters where the plaintiff's state remedies were plain, adequate and complete, and this was so even where the federal complaint raised a constitutional challenge to the state tax scheme. *See e.g., Matthews v. Rodgers,* 284 U.S. 521, 525–26, 52 S.Ct. 217, 219–20, 76 L.Ed. 447 (1932) ("the mere illegality or unconstitutionality of a state or municipal tax is not in itself a ground for equitable relief in federal court."); *First National Bank v. Board of County Commissioners,* 264 U.S. 450, 44 S.Ct. 385, 68 L.Ed. 784 (1924) (Fourteenth Amendment challenge assessment of state taxes barred by parties' failure to exhaust their available state remedies); *accord, Boise Artesian Water Co. v. Boise City,* 213 U.S. 276, 29 S.Ct. 426, 53 L.Ed. 796 (1909). Moreover, the Supreme Court has recently reaffirmed the continuing vitality of the comity principle on which the Tax Injunction Act is patterned, by holding that this principle, standing alone, bars federal courts from granting damages under 42 U.S.C. § 1983 to redress the allegedly unconstitutional administration of a state tax system. *Fair Assessment in Real Estate Ass'n v. McNary,* 454 U.S. 100, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981); *see also, Great Lakes Dredge & Dock Co. v. Huffman,* 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943) (principle of comity bars federal courts

from entering declaratory judgments as to the constitutionality of state tax laws).

The State defendants contend, and the plaintiff does not seriously dispute that suits for declaratory judgments come within the bar imposed by the Tax Injunction Act. In any event, subsequent to the hearing on the motions before us, the Supreme Court had occasion to address this very question and held that "the Act also prohibits a district court from issuing a declaratory judgment holding state tax laws unconstitutional." *California v. Grace Brethren Church, supra,* 102 S.Ct. at 2508. Accordingly, we conclude that the declaratory relief sought by Scallop is barred by the Tax Injunction Act unless, as Scallop asserts, there is no "plain, speedy and efficient remedy in the courts of New York State.

### I.

Scallop first argues that the Tax Injunction Act does not apply in this case because there is in fact no state remedy for the claim it asserts. In disputing the existence of *any* state court remedy, Scallop correctly notes that Congress provided for exclusive federal jurisdiction over "cases or controversies arising under (the EPAA) or under regulations or orders issued thereunder. . . ." Economic Stabilization Act of 1970, 12 U.S.C. § 1904 note, as incorporated by reference in § 5(a) of the EPAA, 15 U.S.C. § 754(a).[2] Scallop then characterizes its preemption challenge to section 182 of the N.Y. Tax Law as one which "arises under" the EPAA, and urges this Court to conclude that because the present action comes within the exclusive federal jurisdiction of § 211(a), it follows that there exists no state remedy within the meaning of the Tax Injunction Act. Put differently, Scallop contends that the exclusive jurisdiction provision of the EPAA amounts to an implied repeal of the Tax Injunction Act with

---

**2.** Section 211 of the ESA provides, in pertinent part:

"The district courts of the United States shall have exclusive original jurisdiction of cases or controversies arising under this title or under regulations or orders issued there-

under, notwithstanding the amount in controversy; except that nothing in this subsection . . . affects the power of any court of competent jurisdiction to consider, hear and determine any issue by way of defense. . . .

12 U.S.C. § 1904 note.

respect to the type of preemption claims raised here.[3]

The State defendants, on the other hand, argue first that § 211(a) was intended to provide exclusive jurisdiction only for the express causes of action established by Congress in sections 209 and 210 of the ESA, which were incorporated into the EPAA, neither of which encompass the type of preemption claim being advanced by Scallop.[4]

At the outset, we note that this question was raised but not answered in the earlier *Mobil Oil* litigation. Plaintiffs in that case were several oil companies subject to the New York Tax Law who brought suit to have this Court declare invalid and enjoin the enforcement of the anti-passthrough provision on the ground, among others, that it conflicted with and was preempted by the EPAA. Before reaching the merits of the preemption claim, however, this Court first dealt with the parties' arguments concerning the Tax Injunction Act. There, as here, the oil companies argued that there was no

state remedy because their EPAA preemption claim fell within the exclusive jurisdiction of the federal district court by virtue of section 211(a). This Court found it unnecessary to reach the exclusive jurisdiction claim because, in our view, the challenged anti-passthrough provision constituted an exercise of the State's police power (rather than its taxing power), which could not be "insulated from Federal judicial scrutiny through a legislatively imposed linkage with a state taxing measure." *Mobil Oil Corp. v. Tully, supra,* 499 F.Supp. at 895–96. On appeal, the Second Circuit affirmed this Court's conclusion with respect to the inapplicability of the Tax Injunction Act without addressing plaintiffs' exclusive jurisdiction claim. *Mobil Oil Corp. v. Tully, supra,* 639 F.2d at 916–17, *cert. denied,* 452 U.S. 967, 101 S.Ct. 3123, 69 L.Ed.2d 981 (1981).

■ Our only guidance on this vexing issue comes from the Second Circuit's decision in *Coastal States Marketing, Inc. v. New England Petroleum Corp.,* 604 F.2d 179 (1979).[5] The issue in *Coastal States* was

---

**3.** This implied repeal argument is difficult to accept in light of *Fair Assessment in Real Estate v. McNary,* 454 U.S. 100, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981), where the Court held that notwithstanding the "broad swath" cut by the terms of 42 U.S.C. § 1983, and its clear conflict with the Tax Injunction Act, the principle of comity, standing alone, operates as a bar to a taxpayer's damages action under § 1983 to redress the allegedly unconstitutional administration of a state tax scheme.

**4.** Section 209 provides for an action by the Attorney General for injunctive relief in certain circumstances. Section 210 provides for an action "by any person suffering legal wrong because of any act or practice arising out of this title, or any order or regulation issued pursuant thereto."

**5.** The State defendants have advanced two separate arguments to refute Scallop's claim that section 211(a) embraces its preemption claim in this case. First, defendants point out that several oil companies subject to the New York Tax Law § 182 brought declaratory judgment actions in New York State Supreme Court to challenge the constitutionality of the Tax Law on grounds similar to those advanced by Scallop here. In all of those cases, the state court exercised its jurisdiction and ruled on the merits that § 182 is constitutional. *See e.g., Shell Oil Co. v. New York State Tax Comm.,* 110

Misc.2d 71, 441 N.Y.S.2d 595 (Sup.Ct. Albany Co. 1981); *New England Petroleum Corp. v. State of New York,* 111 Misc.2d 471, 444 N.Y. S.2d 532 (Sup.Ct. Rensselaer Co. 1981). Scallop, not surprisingly, points out that the issue of subject matter jurisdiction was not explicitly discussed in those state court opinions; the defendants, for their part, point out that the question of subject matter jurisdiction may be raised by the court *sua sponte* at any point in the proceedings. While these state court cases demonstrate that many oil companies subject to the Tax Law do not share Scallop's view that challenges to § 182 on preemption grounds are necessarily within the exclusive jurisdiction of the federal district courts, we do not find these cases determinative, for the scope of § 211(a)'s grant of exclusive federal jurisdiction is itself a federal question.

The State defendants' second argument is that Scallop's exclusive jurisdiction argument depends upon a finding that the EPAA supports an implied cause of action in addition to the remedies expressly provided in sections 209 and 210 of the ESA. Applying the four factors set out in *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), Scallop argues that no private right of action can be implied from the EPAA, citing *DeRieux v. Five Smiths, Inc.,* 499 F.2d 1321 (Temp. Emer.), *cert. denied,* 419 U.S. 896, 95 S.Ct. 176, 42 L.Ed.2d 141 (1974). The difficulty with this argument, in our view,

whether an action "arises under the EPAA" so as to come within the Temporary Emergency Court of Appeals' exclusive jurisdiction where the only EPAA issue in the case was raised by way of defense in the trial court. Writing for the Court, Judge Newman examined three possible approaches to the intended allocation of appellate jurisdiction between TECA and the courts of appeals. While the opinion finally settled on a form of "ESA issue" jurisdiction for TECA, Judge Newman recognized that a district court's exclusive jurisdiction under § 211(a) might well be framed more narrowly, notwithstanding Congress' use of identical language in the respective jurisdictional provisions:

"Of course, Congressional willingness to leave in the *state courts* cases in which ESA defenses are raised does not inevitably indicate that *district court* cases in which such defenses are raised are not within the appellate jurisdiction of the TECA. Important federalism concerns weigh against expanding removal of state court cases, concerns which are totally absent when the only issue is which of the two coordinate federal appellate courts has jurisdiction. While it would be unusual to give the phrase 'arising under' a different meaning in two sections of the same statute—limited with respect to district court jurisdiction and broader with respect to TECA jurisdiction—such a difference could be explained by the existence of comity concerns in one context but not in the other."

604 F.2d at 185–86 (emphasis in the original).

For this Court to hold that Scallop's complaint is within the exclusive jurisdictional grant of § 211(a) would not only implicate the general federalism concerns to which Judge Newman adverted, but also would run contrary to the strong principle of comity which underlies and co-exists with the Tax Injunction Act and implicate the judicial policy against implied repeals. In any

event, it is noteworthy that in enacting § 211(a), Congress accepted the fact that not all ESA (or EPAA) issues would be heard by federal courts in the first instance and "elected to leave such cases in the state court with federal appellate review limited to the Supreme Court." *Coastal States, supra,* 604 F.2d at 183). This Congressional decision is codified in subsection 211(a), which provides that it does not affect the power of any court of competent jurisdiction—i.e., a state court—to determine "any issue by way of defense" with two exceptions that are not relevant to this case. *See* note 2, *supra.* Given this Congressional approval of a continued role for state courts where the EPAA issue appears "by way of defense," this Court is reluctant to adopt a construction of § 211 that would conflict with the independent Congressional judgment in the Tax Injunction Act "to transfer jurisdiction over a class of substantive federal claims from the federal district courts to the state courts, as long as state-court procedures were 'plain, speedy and efficient,' and final review of the substantive federal question could be obtained in [the Supreme Court]." *Rosewell v. LaSalle National Bank,* 450 U.S. 503, 515 n. 19, 101 S.Ct. 1221, 1230 n. 19, 67 L.Ed.2d 464 (1981).

Fortunately, the horns of this dilemma may be avoided, for under any reasonable view of the matter, Scallop's constitutional challenge has been brought to the Court "by way of defense" to the State Department of Taxation and Finance's efforts to collect the taxes allegedly owing. Indeed, Scallop has already asserted its "preemption" claim as part of the petition for Redetermination of Deficiency that was filed with the New York State Tax Commission. While the parties have engaged in an interesting, if somewhat abstract, debate on the question whether the party who files the initial pleading can properly be said to have raised an issue by way of defense, we decline to become embroiled in such techni-

is that the preemption claim raised by Scallop is not clearly analogous to the type of private remedies at issue in *Cort v. Ash* and its progeny. In light of our determination that Scallop's

challenge to § 182 is not within the exclusive jurisdiction of the federal courts, we have no occasion to comment upon its proper characterization as a "private cause of action."

cal jousting; it is enough to state our view that Scallop's claim is first and foremost a defensive response to New York's administrative efforts to collect its tax. By focusing on the defensive nature of Scallop's challenge, it is possible to accommodate Congress' intent in enacting both the Tax Injunction Act and the EPAA jurisdictional provision, and, at the same time, remain faithful to judicial concern with federal-state comity. Accordingly, we hold that Scallop's defensive declaratory judgment action is not within the exclusive original jurisdiction of the federal district courts under § 211(a) but rather, may be adjudicated in the courts of the State of New York in the first instance, with ultimate federal judicial review limited to the United States Supreme Court.

This result is also counseled by the fact that the thrust of Scallop's challenge runs more to the retroactive tax liability which New York seeks to impose than it does to preemption by federal law. Put differently, the issues raised here do not appear to require close analysis of the EPAA or the regulations promulgated under that statute. This Court has already undertaken that task in our earlier ruling that the anti-passthrough provision was preempted by the EPAA and invalid under the Supremacy Clause. *See Mobil Oil Corp. v. Tully,* 499 F.Supp. 888, 896–910 (N.D.N.Y.1980); *see also, Mobil Oil Corp. v. Tully,* 639 F.2d 912, 915 (2d Cir. 1981) ("The trial judge proceeded therefore to analyze in detail the federal statute and regulations to determine whether or not the state law was in conflict with the regulations as well as the congressional scheme and policy."). Rather, proper resolution of Scallop's complaint will turn, in our view, on factors involving the constitutionality of retrospective state tax laws.

To illustrate, New York seeks to collect from Scallop the two percent gross receipts tax which is said to have accrued during the tax year 1980. Scallop, for its part, protests its asserted tax liability for that period on the ground that it was then barred from effecting a simultaneous passthrough of the entire tax cost. But it can readily be demonstrated that Scallop's inability to pass

through it tax liability as it accrued from January 1 to June 18, 1980, was not a consequence of the anti-passthrough provision, but resulted solely from the retroactive nature of section § 182 of the New York Tax Law. With respect to the period from June to December 1980, it appears that even absent the now-invalidated anti-passthrough provision, Scallop might not have been able to effect a simultaneous passthrough of its tax liability since, under the EPAA, Scallop might have been required to "bank" certain tax costs for later use. *See Mobil Oil Corp. v. Tully,* 499 F.Supp. at 901 and n. 15; 10 C.F.R. § 212.-83. Finally, even if this Court's judgment invalidating the anti-passthrough provision had become effective immediately on September 19, 1980, the New York Tax Law § 182 would still have imposed a tax liability on Scallop for the period from January 1 through September 19, 1980, and the question would arise whether New York may, consistent with the Constitution, impose a tax statute that is retroactive for nine months.

■ It is well settled that states may, consistent with the Constitution, enact tax statutes that operate retroactively. In *Welch v. Henry,* 305 U.S. 134, 59 S.Ct. 121, 83 L.Ed. 87 (1938), for example, the Supreme Court upheld the constitutionality of an emergency tax that had been enacted by the Wisconsin legislature in 1935 which imposed a tax on dividends received from Wisconsin corporations in 1933. Indeed, most federal tax statutes have been retroactive to the beginning of the calendar year in which the statute was enacted, and some have operated retroactively for even longer periods. *See Picchione v. Commissioner,* 440 F.2d 170 (1st Cir. 1971), *cert. denied,* 404 U.S. 828, 92 S.Ct. 66, 30 L.Ed.2d 57 (1971); *First National Bank in Dallas v. United States,* 420 F.2d 725 (Ct. of Claims 1970); *Ward v. United States,* 517 F.Supp. 576 (W.D.Okla.1981).

■ Since a retroactive tax statute will prevent a taxpayer from effecting a concurrent passthrough of its tax costs just

as surely as a prospective tax that contains an anti-passthrough provision, it would appear to follow that New York's imposition of its gross receipts tax during the period in which the anti-passthrough provision remained in effect is not unconstitutional for that reason alone. Of course, a retroactive tax may run afoul of the Constitution if the period of retroactivity is unduly long. This objection, however, serves only to trigger the inquiry posed by the Court in *Welch v. Henry:*

> In each case it is necessary to consider the nature of the tax and the circumstances in which it is laid before it can be said that its retroactive application is so harsh and oppressive as to transgress the constitutional limitation.

305 U.S. at 147, 59 S.Ct. at 126. Such an inquiry would also be informed by Judge Hand's observation in *Cohan v. Commissioner,* 39 F.2d 540, 545 (2d Cir. 1930), that "(n)obody has a vested right in the rate of taxation, which may be retroactively changed at the will of Congress at least for periods of less than twelve months...."

Scallop contends, however, that by virtue of the several orders staying this Court's original judgment in *Mobil Oil Corp. v. Tully,* New York will be permitted to obtain by indirection that which we held it could not achieve directly through a prospective anti-passthrough provision. This argument appears to overlook the fact that what may now appear to be a retroactive application of the tax beyond the twelve-month period mentioned by Judge Hand is the result not of legislative but of judicial action staying the judgment of this Court.

In mentioning these considerations we do not wish to be misunderstood as intimating any view on the merits of Scallop's claim; our purpose was simply to state our view of the framework which might guide the analysis and to demonstrate that a close discretion of the EPAA does not appear to lie at the heart of the matter. Moreover, even if a preemption analysis is the proper ground for decision, it will be necessary to construe section 182 of the New York Tax Law in order to resolve that inquiry since federal regulations apparently allow oil companies to pass through only those taxes which are attributable to refining operations, whereas the New York gross receipts tax applies to all of an oil company's receipts and not solely to those attributable to refining operations. *See* 10 C.F.R. § 212.-83(c)(2)(iii)(E)(7); *Mobil Oil Corp. v. Tully, supra,* 499 F.Supp. at 905 and n. 24. While we did not find the tax statute's broader coverage to be material to the validity *vel non* of the anti-passthrough provision, this factor may well prove significant where the validity of the tax, or some portion thereof, is at issue.

III.

Having rejected Scallop's "exclusive jurisdiction" argument, it remains to be considered whether Scallop has a "plain, speedy and efficient remedy" in the state courts. In *Rosewell v. LaSalle National Bank,* 450 U.S. 503, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981), the Supreme Court made clear that we must apply a "*procedural* interpretation in defining both the entire phrase and its individual word components." *Id.* at 512, 101 S.Ct. at 1228 (emphasis in the original).

This Court is satisfied that Scallop has remedies in the courts of the State of New York that satisfy the *Rosewell* standard for a "plain, speedy and efficient remedy." Scallop's Petition for Redetermination of the assessment was pending before the State Tax Commission at the time the instant motions were argued. If the Commission has yet to rule, Scallop may commence a declaratory judgment action, pursuant to New York C.P.L.R. § 3001. In *Tully v. Griffin,* 429 U.S. 68, 97 S.Ct. 219, 50 L.Ed.2d 227 (1976), the Supreme Court expressly held that New York's declaratory judgment procedure constituted a "plain, speedy and efficient remedy" within the meaning of the Tax Injunction Act. Given that this declaratory judgment procedure was open to Scallop at the time this suit was filed and these motions heard, it may follow that Scallop would not now be entitled to object to a dismissal of this suit simply because, as may be the case, the Tax

753

Commission has ruled in the interim and thereby precluded Scallop from commencing a declaratory judgment action in state court. Be that as it may, we are persuaded that Scallop nonetheless has an adequate remedy in the state courts.

In the event that the Tax Commission rules against Scallop, New York Law provides that the Commission's decision shall be subject to judicial review in a proceeding under New York CPLR Art. 78. In an Art. 78 proceeding, the Commission's decision may be reviewed "for error, illegality or unconstitutionality or any other reason whatsoever." N.Y. CPLR, Art. 78, § 7801 et seq. (McKinney 1975); see Tully v. Griffin, 429 U.S. 68, 71, 97 S.Ct. 219, 221, 50 L.Ed.2d 227 (1976). While Scallop may be required either to prepay or post a bond for the amount of the assessment as a prerequisite to seeking Art. 78 review, such a requirement is commonplace in the field of taxation generally, and does not by itself render the state remedy any less plain, speedy and efficient on the facts of this case. See Id. at 74, 97 S.Ct. at 223; Great Lakes Dredge & Dock Co., supra, 319 U.S. at 300–301, 63 S.Ct. at 1074 ("It is the court's duty to withhold such relief when, as in the present case, it appears that the state legislature has provided that on payment of any challenged tax to the appropriate state officer, the taxpayer may maintain a suit to recover it back").

### CONCLUSION

In sum, Scallop seeks to use this Court's earlier judgment in *Mobil Oil Corp.*—that the anti-passthrough provision of N.Y. Tax Law § 182 is preempted by federal law and invalid under the Supremacy Clause—as a springboard to a federal court judgment that the tax itself is void *ab initio*, relief which the plaintiffs in the earlier litigation were careful to abjure. Today's ruling— that the Tax Injunction Act bars this federal court from entertaining Scallop's complaint, demonstrates their perspicacity on that score.

For all of the foregoing reasons, the defendants' motion to dismiss the complaint is granted. Plaintiff's cross motion for summary judgment is denied as moot. The Clerk shall enter a final judgment dismissing the complaint.