In the Matter of GASIT, INC., Petitioner, v JOHN P. DUGAN et al., Constituting the Tax Appeals Tribunal, et al., Respondents.

Third Department, November 21, 1991

APPEARANCES OF COUNSEL

*Mortimer Todel* for petitioner.

*Robert Abrams, Attorney-General (John McConnell* of counsel), for respondents.

### OPINION OF THE COURT

MAHONEY, P. J.

Petitioner operated an automobile service station and convenience store in Westchester County which sold, *inter alia,* gasoline. During the period January 1, 1983 through April 30, 1985, petitioner purchased its gasoline from distributor ARCO Petroleum Products Company, paying a sales tax statutorily based first on the State-wide average retail markup and later on the regional average retail sales price for gasoline *(see,* L 1982, ch 454, § 6; ch 930, § 4). Petitioner then sold gasoline to its retail customers at a price lower than the State-wide or regional average. Therefore, petitioner's sales tax payments to ARCO Petroleum on its gasoline purchases exceeded the amount of sales tax which would be due if the sales tax were calculated upon petitioner's actual retail sales of gasoline.

In December 1985 and May 1986, petitioner filed two applications for refunds of gasoline sales taxes. The total refund sought was $34,434.21, based upon the difference between petitioner's actual sales tax payments to its distributor and the amount due if the tax was computed based on petitioner's actual retail sales of gasoline. The applications were denied by the Department of Taxation and Finance and, upon administrative review, the Administrative Law Judge upheld the Department's actions and the Tax Appeals Tribunal confirmed

the ALJ's determination. This CPLR article 78 proceeding followed.

■ The determination should be confirmed and the petition dismissed. Prior to 1982, a sales tax was imposed on the sale of gasoline by retailers to consumers. In 1982, in efforts to increase the efficient collection of taxes, legislation was enacted imposing the sales tax on the sale of gasoline by distributors to retailers (L 1982, chs 454, 469). The formula eventually employed based the tax on the regional average sales price of gasoline for the region in which the sale occurred (L 1982, ch 930, § 4), with retailers recouping taxes paid through their retail sales, consequently imposing the tax on the consumer. The law contained no pertinent refund or credit provisions for retailers who chose to sell gasoline below the regional average sales price. In 1985 the Legislature changed the motor fuel sales tax structure to require prepayment by distributors of sales tax and to provide for retailers to collect and remit sales tax based on actual sales. Retailers could then seek credits or refunds when their sales tax collections exceeded the amount prepaid by the distributor (L 1985, ch 44, §§ 20, 21, 22, 26, 42).

Petitioner alleges that the 1982 statutory scheme is arbitrary and capricious as applied to it and violates its State and Federal constitutional guarantees of due process and equal protection because it results in the imposition of a different tax rate on different gas stations depending on their retail sale price of gasoline. The gravamen of petitioner's argument is that by retailing gas at less than the regional average and "collecting" a lesser amount of sales tax than is paid to its distributor, its effective sales tax rate is higher than the rate at which its original liability was calculated. According to petitioner, an inequity results when a service station charges more than the regional average retail price and collects a higher amount of sales tax than it paid to its distributor, thus lowering its effective sales tax "rate".

Respondents contend that the Legislature's decision to impose a sales tax on the sale of gasoline by distributors to retail filling stations, rather than on the retail sale by stations to consumers, is neither arbitrary nor capricious because of the legitimate legislative objectives of reduced tax evasion and increased revenues. Respondents also argue that petitioner's claimed constitutional infirmities in the taxing scheme are based upon the false premise that the tax collected by petitioner from consumers was computed by applying applicable

sales tax to petitioner's retail selling price. We agree. Nothing in the 1982 statutory scheme provides for retail filling stations to collect sales tax based on their actual selling prices. The "taxable event" under the statute was the sale of fuel from the distributor to the retailer (L 1982, ch 454, § 6), not the subsequent resale by the retailer to consumer. Although different from prior and subsequent legislative approaches to motor fuel sales taxes, the former scheme at issue herein is neither irrational nor arbitrary and capricious as applied to petitioner. "The Legislature has nearly unconstrained authority in the design of taxing measures unless they are utterly unreasonable or arbitrary" *(Matter of Ames Volkswagen v State Tax Commn.,* 47 NY2d 345, 349). Here the efficient collection of sales taxes allows the Legislature to designate the taxable event as the distributor's sale to the retailer rather than the retail sale itself.

■ Further, we countenance no constitutional infirmity in the former statutory scheme challenged by petitioner. Sales taxes are presumed constitutional and petitioner bears the burden to negate every possible basis supporting the statute's constitutionality *(see, Trump v Chu,* 65 NY2d 20, 25, *appeal dismissed* 474 US 915). Under the statutory scheme challenged here, the taxes paid by *all* gas station operators in the same region for an equal amount of gasoline were identical. All stations were required to pay sales tax based on the same State-wide average retail markup or regional average sales price regardless of what price they eventually sold their gas at retail. Petitioner's marketing decision to sell gasoline below the markup or regional average, and thus absorb a portion of the sales tax, does not constitutionally invalidate the taxing scheme. Any sales tax disadvantage is self-imposed, as nothing in the statute prohibited petitioner from selling its gas at retail prices higher than the average. Accordingly, because the statute at issue neither classifies different sales tax payees nor discriminates among them, the determination of the Tax Appeals Tribunal should be confirmed.

CASEY, MIKOLL, CREW III and HARVEY, JJ., concur.

Adjudged that the determination is confirmed, and petition dismissed, without costs.