### 45597. NEELY et al. v. McCANTS et al.
(368 SE2d 516)

GREGORY, Justice.

McCants and other citizens of Taylor County sued the members of the Board of Commissioners, the Board and the County. They sought declaratory and injunctive relief, alleging violations of the Open Meetings Act. OCGA § 50-14-1 et seq. The trial court heard the matter without a jury and entered judgment for the citizens including an injunction against the officials. The officials appealed.

The controversy arose when the citizens learned the officials applied to the Georgia Hazardous Waste Management Authority to locate a hazardous waste management facility in Taylor County. The authority responded to the application by authorizing its chairman to acquire Taylor County property and request a proposal to design, construct and operate a facility there. The trial court found the officials violated the Open Meetings Act in connection with the application. This led the court to void the application and enjoin any further action on it.

Shortly after the officials filed notice of appeal the Authority rescinded its response regarding Taylor County and directed its chairman to ask for additional proposals from all counties. Thus, if Taylor County is to become a site for the contemplated facility it must arise out of future action and cannot rest on the action declared void by the trial court. This is so, not only because of the trial court's judgment, but because of the rescission and renewed search by the Authority.

The citizens filed a motion to dismiss the appeal. They argued it is no longer necessary to rely on the trial court's judgment since the application for a facility is void as a result of the rescission by the Authority.

The officials responded to the motion by arguing the appeal was not moot. They argued the trial court erred by holding they violated the Open Meetings Act and the judgment based on this error adversely affected them as public officials. They pointed out that two of the officials were subjects of active recall efforts. The officials contended their rights will be adversely affected both civilly and criminally if the trial court's judgment stands because the Open Meetings Act has both civil and criminal remedies. The officials also complained of the dismissal of their counterclaim based on *Yost v. Torok,* 256 Ga. 92 (344 SE2d 414) (1986), but this is relatively insignificant if the other substantial issues are resolved.

We denied the motion to dismiss the appeal. However, after oral argument, we conclude that common sense and judicial economy dictate that we should not reach the issue of the validity of the trial court's judgment. The citizens no longer rely on that judgment. The officials complain that its existence continues to adversely affect their rights. Therefore, without deciding the merits of the controversy, we vacate the judgment of the trial court. In this way the citizens have the benefit of ending the litigation and the officials face no further threat by the judgment below.

*Judgment vacated. All the Justices concur, except Smith, J., who dissents.*

DECIDED JUNE 9, 1988.

*Lovick P. Anthony, Jr., Charles W. Byrd, Garland T. Byrd, E. Alex Davis, Walter H. Bush, Jr.,* for appellants.
*James E. Butler, Albert W. Stubbs,* for appellees.