S93C1182. JACKSON v. THE STATE.
(436 SE2d 632)

PER CURIAM.

The petition for certiorari in this case is dismissed as moot.

*All the Justices concur, except Sears-Collins, J., who dissents.*

SEARS-COLLINS, Justice, dissenting.

For the following reasons, I conclude the majority has erred in dismissing the petition for certiorari as moot, and I would grant certiorari to review the Court of Appeals' decision in *Jackson v. State*, 208 Ga. App. 391 (430 SE2d 781) (1993).

The majority has dismissed for mootness because the trial court granted the state's motion to nolle prosequi the indictment of Jack-

son. OCGA § 17-8-3. However, the nolle prosequi does not conclusively end the prosecution of Jackson. The state is free to reindict Jackson at any time before the statute of limitation expires, which will be sometime in January 1995. See OCGA § 17-3-3; *Kyles v. State*, 254 Ga. 49 (326 SE2d 216) (1985). Moreover, the Court of Appeals' decision in this case would be binding on the parties if Jackson is reindicted. The Court of Appeals' decision will then control Jackson's case, with happenstance having defeated her right to have this Court consider the merits of her contentions. Under these circumstances, I cannot conclude that the case is moot. At a minimum, in dismissing the petition on the ground of mootness, we ought to vacate all judgments that have been entered in the action in order to avoid possible future prejudice to Jackson. See *Neely v. McCants*, 258 Ga. 298 (368 SE2d 516) (1988). Further, the nolle prosequi certainly does not moot the "concern, gravity, and importance to the public," Rule 29 of the Supreme Court of Georgia, of the Court of Appeals' opinion, as that opinion will hereafter control coroners' and medical examiners' use of the Death Investigation Act (the "Act").

Turning to the merits of Jackson's petition for certiorari, I find one issue that warrants the grant of certiorari. The issue is whether the Court of Appeals correctly held that the unborn are persons within the meaning of the Act. *Jackson v. State*, supra, 208 Ga. App. at 392-395. Based on the concerns expressed by Judge Beasley in her dissent, id. at 395-396, I conclude that the unborn are not persons within the meaning of the Act, and I would grant certiorari to correct this error. Although I recognize the strong state interest in the use of medical examiners and coroners to investigate the crime of feticide, the responsibility of providing that authority to medical examiners and coroners rests with the General Assembly. To date, the General Assembly has not conferred such authority.

DECIDED OCTOBER 5, 1993.

*Allen & Classens, Michael J. Classens,* for appellant.
*R. J. Martin, District Attorney,* for appellee.
*Mary E. Wyckoff, Elizabeth J. Appley, Gerald R. Weber, Jr.,* amici curiae.