## S12A1836, S12X1837. UNIFIED GOVERNMENT OF ATHENS-CLARKE COUNTY v. HOMEWOOD VILLAGE, LLC; and vice versa.

### (739 SE2d 316)

MELTON, Justice.

The Unified Government of Athens-Clarke County ("Unified Government") adopted a Stormwater Utility Ordinance (the "Ordinance") on December 7, 2004. Pursuant to the Ordinance, a stormwater utility and stormwater enterprise fund took effect on July 1, 2005, and landowners were required to pay certain fees based on their estimated relative contribution to stormwater runoff problems. Despite Unified Government sending Homewood Village, LLC ("Homewood Village") a quarterly stormwater utility bill for $2,641.35, Homewood Village has not paid any of their bills since the inception of the program in 2005. On November 16, 2010, Unified Government sued Homewood Village to recover, among other things, the unpaid fees (then totaling $72,739.06). On April 14, 2011, Homewood Village filed a counterclaim for declaratory judgment, arguing that the Ordinance was an unconstitutional tax which could not be assessed involuntarily. On December 9, 2011, Unified Government filed a motion for partial summary judgment, which the Superior Court of Clarke County granted on February 13, finding that the Ordinance imposed a fee and not an unconstitutional tax. With respect to Homewood Village's claims, the trial court granted Homewood Village summary judgment on its contentions that: (1) Unified Government cannot collect unpaid fees under a theory of unpaid account; and (2) Unified Government had not established any of the elements necessary to establish a claim for quantum meruit. In Case No. S12A1836, Homewood Village appeals from the trial court's ruling that Unified Government was authorized to collect stormwater fees from Homewood Village pursuant to its Ordinance, and in Case No. S12X1837 Unified Government appeals the trial court's rulings in favor of Homewood Village on the issues of unpaid account and quantum meruit. For the reasons that follow, we affirm the judgment in Case No. S12A1836 and vacate the judgment in Case No. S12X1837.

### Case No. S12A1836

1. The dispositive issue in this appeal is whether the Ordinance adopted by Unified Government imposes a permissible fee rather than an unconstitutional tax, and that issue is controlled by this Court's decision in the nearly identical case of *McLeod v. Columbia County*, 278 Ga. 242 (599 SE2d 152) (2004). In *McLeod*, this Court held that a Columbia County stormwater ordinance much like the

Ordinance at issue in this case imposed a permissible fee, not an unconstitutional tax. In doing so, this Court described the difference between "taxes" and "fees" as follows:

> First, taxes are a means for the government to raise general revenue and usually [are] based on ability to pay (such as property or income) without regard to direct benefits which may inure to the payor or to the property taxed. Fees, on the other hand, "are intended to be and should be clearly described as a charge for a particular service provided." Second, fees should apply based on the contribution to the problem. Third, fee payers, unlike tax payers, should receive some benefit from the service for which they are paying, although the benefits may be indirect or immeasurable.

(Citations omitted.) Id. at 244 (2).

Here, like the ordinance at issue in *McLeod*, the Athens-Clarke County Ordinance (1) "establish[es] [a] Stormwater Utility and . . . impose[s] a utility charge for the stormwater management services" (id. at 243 (1)); (2) "applies to residential and non-residential developed property, but not to undeveloped property, which actually contributes to the absorption of stormwater runoff[,] . . . and[ ] the cost of [the stormwater] services [is] properly apportioned based primarily on horizontal impervious surface area" (id. at 245 (2)); and (3) "the properties charged receive a special benefit from the funded stormwater services, which are designed to implement federal and state policies through the control and treatment of polluted stormwater contributed by those properties" (id.). Moreover, the Ordinance allows "property owners [to] reduce the amount of the charge by creating and maintaining private stormwater management systems . . . [and it] does not permit the imposition of a lien directly against the property of those who fail to pay the utility charge[,]" which further underscores the notion that the Ordinance imposes a fee and not a tax. Id.

Accordingly, the trial court correctly concluded that the Ordinance imposes a permissible fee and properly granted summary judgment to Unified Government on its claim to collect the unpaid fees from Homewood Village.

## Case No. S12X1837

2. In light of the trial court's correct decision to grant summary judgment to Unified Government on its claim to collect the unpaid fees, any arguments by Homewood Village relating to the theories of quantum meruit or open account were rendered moot. In any event,

as the trial court noted in its summary judgment order, Unified Government "d[id] not [even] raise . . . [and it did] not pursu[e] a quantum meruit claim," nor did it "pursu[e] an open account theory." In light of this procedural posture, "without deciding the merits of the[se] [issues,] we vacate the judgment of the trial court" on these claims. *Neely v. McCants*, 258 Ga. 298, 299 (368 SE2d 516) (1988).

*Judgment affirmed in Case No. S12A1836. Judgment vacated in Case No. S12X1837. All the Justices concur.*

DECIDED MARCH 4, 2013.

*Regina M. Quick, David F. Ellison*, for appellant.
*William C. Berryman, Jr., Amy S. Gellins*, for appellee.
*Susan J. Moore, Rusi C. Patel*, amici curiae.