[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11687
Non-Argument Calendar

_____

D.C. Docket No. 3:15-cv-00023-CDL

HOMEWOOD VILLAGE LLC,
a Georgia limited liability company,
HANCOCK PULASKI PROPERTIES, INC.,
a Georgia corporation,
TIFFANY & TOMATO, INC.,
a Georgia corporation,
OLD SOUTH INVESTMENT ENTERPRISES, LLC,
a Georgia limited liability company,
LUIS BONET,
individually,

                                        Plaintiffs-Counter
                                        Defendants-Appellants,


versus


UNIFIED GOVERNMENT OF ATHENS-CLARKE COUNTY, GEORGIA,

Defendant-
Counter Claimant –
Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(February 7, 2017)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

The Unified Government of Athens-Clarke County (defendant) enacted an ordinance imposing a fee on certain property owners to fund a stormwater management program. Homewood Village, Hancock Pulaski Properties, Tiffany & Tomato, Old South Investment Properties, and Luis Bonet (collectively, "plaintiffs") are subject to the fee. Plaintiffs claim the fee violates their rights under the Takings Clause of the Fifth Amendment, the Due Process Clause of the Fourteenth Amendment, and the Equal Protection Clause of the Fourteenth Amendment. The district court, concerned about comity, abstained from considering the merits of the claims and dismissed the claims without prejudice. Plaintiffs now appeal, arguing that the court erred in abstaining.

"We review an abstention decision only for an abuse of discretion." *See 31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003). "A district court

2

abuses its discretion if it misapplies the law . . . or makes findings of fact that are clearly erroneous." *Ambrosia Coal & Const. Co. v. Pages Morales*, 368 F.3d 1320, 1332 (11th Cir. 2004).

"[T]axpayers are barred by the principle of comity from asserting [constitutional claims] against the validity of state tax systems in federal courts." *Fair Assessment in Real Estate Ass'n*, *Inc. v. McNary*, 454 U.S. 100, 116, 102 S. Ct. 177, 186 (1981); *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 417, 130 S. Ct. 2323, 2327 (2010) ("[T]he comity doctrine applicable in state taxation cases restrains federal courts from entertaining claims for relief that risk disrupting state tax administration."); *see also Boise Artesian Hot & Cold Water Co. v. Boise City*, 213 U.S. 276, 282–87, 29 S. Ct. 426, 428–30 (1909) (declining to consider the merits of a challenge to a city-imposed license fee). "Such taxpayers must seek protection of their federal rights by state remedies, provided . . . that those remedies are plain, adequate, and complete." *McNary*, 454 U.S. at 116, 102 S. Ct. at 186.

Based on our review of the record, and considering *McNary*, *Levin*, and *Boise*, we cannot conclude that the district court abused its discretion in abstaining. In deciding to abstain based on comity, the court found that a judgment in favor of plaintiffs would require defendant to abandon its stormwater fee system, thus materially disrupting defendant's fiscal affairs. The court also concluded that an

3

adequate remedy exists in state court to vindicate plaintiffs' alleged constitutional deprivations.  Plaintiffs have not shown that these determinations were improper, and applying *McNary*, *Levin*, and *Boise*, the determinations support abstention based on comity.

　　**AFFIRMED.**[1]

---

[1] Prior to the district court's abstention decision, defendant requested dismissal based on the Tax Injunction Act (TIA).  The district court rejected the request, finding that the TIA is not applicable to plaintiffs' claims.  Defendant cross-appeals that determination.  However, "[b]ecause we conclude that the comity doctrine justifies dismissal of [plaintiffs' claims], we need not decide whether the TIA would itself block the suit."  *See Levin*, 560 U.S. at 432, 130 S. Ct. at 2336–37.