[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-13246

Non-Argument Calendar

_____

GROUP V LLC,
a Georgia Limited Liability Company,

Plaintiff-Appellant,

*versus*

ATHENS-CLARKE COUNTY UNIFIED GOVERNMENT,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 3:21-cv-00140-CDL

_____

Before NEWSOM, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

This case is the latest legal challenge to the Unified Government of Athens-Clarke County's stormwater fee. Group V, LLC appeals the district court's decision to dismiss the action on comity grounds. We affirm.

## I.

The county enacted a stormwater utility ordinance in 2004 to help it comply with federal environmental regulations. Under the ordinance, the county established a stormwater utility that levied "user fees" on owners of developed property "to generate revenue to pay for governmental projects for flood prevention, water pollution, and compliance with federal law." The Supreme Court of Georgia upheld the ordinance, finding that it imposed "permissible fee[s]" rather than "an unconstitutional tax." *Homewood Vill., LLC v. Unified Gov't of Athens-Clarke Cnty.*, 739 S.E.2d 316, 318 (Ga. 2013).

Owners of developed property in the county challenged the ordinance's constitutionality in federal court. *Homewood Vill., LLC v. Unified Gov't of Athens-Clarke Cnty.*, No. 3:15-CV-23 (CDL), 2016 WL 1306554, at *1 (M.D. Ga. Apr. 1, 2016). The district court dismissed the case, finding that it "must abstain from deciding the merits" of the "action due to comity concerns." *Id.* at *3. The district court explained that comity principles demanded abstention

because reaching the merits would "unduly interfere" with the county's "legitimate fiscal and budgetary activities" and the plaintiffs had "an adequate remedy" in state court.  *Id.*  The plaintiffs argued that "comity concerns only arise in the context of challenges to local 'taxes' and not to local 'fees,'" but the district court concluded that Supreme Court precedent foreclosed that argument.  *Id.* (citing *Boise Artesian Hot & Cold Water Co. v. Boise City*, 213 U.S. 276 (1909)).

Hearing the same arguments on appeal, we affirmed the district court's abstention based on comity.  *Homewood Vill. LLC v. Unified Gov't of Athens-Clarke Cnty.*, 677 F. App'x 623, 624–25 (11th Cir. 2017).  "In deciding to abstain based on comity," we explained, the district court made two findings.  First, a "judgment in favor of plaintiffs would require [the county] to abandon its stormwater fee system, thus materially disrupting [its] fiscal affairs."  *Id.* at 624. And, second, "an adequate remedy exists in state court to vindicate plaintiffs' alleged constitutional deprivations."  *Id.* at 625.  The plaintiffs did "not show[] that these determinations were improper," and, applying Supreme Court precedent, we concluded that "the determinations support[ed] abstention based on comity." *Id.*

Like the *Homewood* plaintiffs, Group V owned developed property in the county.  In 2021, Group V challenged the stormwater ordinance's constitutionality and sought damages under 42 U.S.C. section 1983.  Group V claimed that the county's stormwater fee (1) violated its Fifth Amendment right not to have its

property taken without just compensation, (2) violated its rights to due process and equal protection, and (3) must be enjoined and declared unconstitutional. The county moved to dismiss on comity grounds or for lack of jurisdiction under the Tax Injunction Act.

The district court granted the motion and dismissed the case. It found the action "indistinguishable" from the earlier *Homewood* case, in which it had "abstained from deciding the merits of the action on comity grounds and was affirmed on appeal." The district court explained that its "mind [w]as not changed," so it again "abstain[ed] based on comity principles." Group V appeals.

## II.

"While we ordinarily review the grant of motions to dismiss . . . de novo, a district court's decision to abstain will only be reversed upon a showing of abuse of discretion." *Boyes v. Shell Oil Prods. Co.*, 199 F.3d 1260, 1265 (11th Cir. 2000) (cleaned up). "A district court abuses its discretion if it misapplies the law or makes findings of fact that are clearly erroneous." *Seminole Tribe v. Stranburg*, 799 F.3d 1324, 1328 (11th Cir. 2015).

## III.

"[T]he comity doctrine applicable in state taxation cases restrains federal courts from entertaining claims for relief that risk disrupting state tax administration." *Levin v. Com. Energy, Inc.*, 560 U.S. 413, 417 (2010). Plaintiffs "must seek protection of their federal rights by state remedies, provided of course that those remedies are plain, adequate, and complete." *Fair Assessment in Real Estate Ass'n v. McNary*, 454 U.S. 100, 116 (1981). This doctrine applies

22-13246                Opinion of the Court                5

whether a plaintiff seeks damages under section 1983, *see, e.g.*, *Winicki v. Mallard*, 783 F.2d 1567, 1569 (11th Cir. 1986) ("[T]axpayers are barred by the principle of comity from asserting [section] 1983 actions against the validity of state tax systems in federal courts."), or equitable relief, *see, e.g.*, *Boise*, 213 U.S. at 282 ("[T]he illegality or unconstitutionality of a state or municipal tax or imposition is not of itself a ground for equitable relief in the courts of the United States.").

Here, as in *Homewood*, if Group V is successful in this section 1983 action, it "would require [the county] to abandon the stormwater fee system, thus materially disrupting [its] fiscal affairs." *See* 677 F. App'x at 624. As Group V acknowledges, a favorable ruling for it will have an effect on the county and require adjustments. And, as in *Homewood*, "an adequate remedy exists in state court to vindicate [Group V's] alleged constitutional deprivations." *Id.* at 625. "Based on our review of the record, and considering *McNary*, *Levin*, and *Boise*, we cannot conclude that the district court abused its discretion in abstaining." *Id.* at 624; *see also Winicki*, 783 F.2d at 1570 ("[W]here a [s]ection 1983 action is grounded in an allegation of an unconstitutional tax scheme, to survive dismissal the plaintiff must demonstrate that there is no plain, adequate, and complete state remedy available. The initial burden, then, is upon the plaintiff to make such a showing. Unless he is able to do so, the federal courts may properly refuse to entertain his [s]ection 1983 action.").

We're unconvinced by Group V's two main arguments to the contrary. First, it contends that the stormwater ordinance

imposes a fee and not a tax, so abstention based on comity does not apply.[1]  But we affirmed the district court's rejection of the same argument in the earlier *Homewood* case (brought by the same attorneys representing Group V).  *See, e.g.*, *Homewood*, 2016 WL 1306554, at *3 (rejecting plaintiffs' argument "that comity concerns only arise in the context of challenges to local 'taxes' and not to local 'fees'" because the "seminal case of *Boise*[] clearly disposes of this argument").  We do so, again, here.

In *Boise*, the plaintiff argued that a municipal ordinance imposing a water pipe "fee" was unconstitutional.  *Id.* at 280–81.  On comity grounds, the Supreme Court affirmed dismissal of the action.  *Id.* at 287.  It explained that "every possible defense to the collection of the license fee which has been suggested by the company is available to it in the action at law pending in the courts of the state of Idaho, and there is no reason whatever shown why the law should not take its course."  *Id.*  Even though *Boise* involved a

---

[1] The county contends this argument isn't properly before us on appeal because it was insufficiently detailed in the district court.  To be sure, "[w]e generally will not review issues raised for the first time on appeal."  *In re Home Depot Inc.*, 931 F.3d 1065, 1086 (11th Cir. 2019).  "But there is a difference between raising new issues and making new arguments on appeal.  If an issue is properly presented, a party can make any argument in support of that issue; parties are not limited to the precise arguments they made below."  *Id.* (cleaned up).  Here, because Group V contested the issue of whether comity justified dismissal of its challenge to the stormwater fee, it was allowed to flesh out the argument on appeal.

municipal "fee"—and not a tax—the Supreme Court affirmed the abstention.

Second, Group V argues that, after the Supreme Court's decision in *Knick v. Township of Scott*, 139 S. Ct. 2162 (2019), "a district court may not decline, on grounds of comity, to exercise jurisdiction over federal constitutional challenges to exactions under regulatory ordinances." We disagree. Although *Knick* abolished the requirement that plaintiffs exhaust state-court remedies before bringing their takings claims to federal court, the case didn't address or otherwise alter the comity doctrine. *See id.*; *see also Dorce v. City of New York*, 2 F.4th 82, 97 n.17 (2d Cir. 2021) (rejecting the argument that *Knick* "guarantees a takings plaintiff access to federal court notwithstanding potential state court remedies" because *Knick* "does not guarantee a federal forum" or address the comity doctrine (cleaned up)). As Group V acknowledges, that doctrine remains viable. *See* Appellant Br. at 40 ("*Knick* does not appear to overturn the comity doctrine . . . ."). The district court didn't abuse its discretion in applying it here.

**AFFIRMED.**[2]

---

[2] The county alternatively argues that Group V's case should be dismissed under the Tax Injunction Act. However, "[b]ecause we conclude that the comity doctrine justifies dismissal of [Group V's] federal-court action, we need not decide whether the [Tax Injunction Act] would itself block the suit." *Levin*, 560 U.S. at 432 ("[A] federal court has flexibility to choose among threshold grounds for dismissal.").